1
2
3
4
5
6
7
8
9    **UNITED STATES DISTRICT COURT**
10   **SOUTHERN DISTRICT OF CALIFORNIA**
11
12   JOHN B. KENNEY,                                          CASE NO. 13cv248-WQH-DHB

13                                           Plaintiff,       ORDER

         vs.
14   THE CITY OF SAN DIEGO &
     FEDERAL & PRIVATE
15   CONTRACTOR INTELLIGENCE
     COMMUNITY AND SECURITY
16   POLICE-STATE INDUSTRIAL
     COMPLEX CONSPIRATORS, THE
17   SAND DIEGO POLICE
     DEPARTMENT (SDPD), SDPD EX-
18   CHIEF OF POLICE & THEN-
     MAYOR OF SAN DIEGO
19   SANDERS, SDPD CHIEF
     LANSDOWNE, SDPD OFFICERS
20   THOMPSON, LAWRENCE, STUM,
     SAN DIEGO CITY ATTORNEY JAN
21   GOLDSMITH, SAN DIEGO
     SHERIFF'S DEPARTMENT &
22   SHERIFF GORE, and DOES 1-
     20,000, inclusive,
23
                                           Defendants.
24
     HAYES, Judge:
25
             The matters before the Court are (1) the Motion to Dismiss, Motion to Strike and
26
     Motion for a More Definite Statement Related to Plaintiff's Complaint ("Motion to
27
     Dismiss"), filed by Defendants City of San Diego ("City"), San Diego Police
28
     Department ("SDPD"), William Lansdowne, Jerry Sanders, Scott Thompson, Kaseyelee

Lawrence, David Stum, and Jan Goldsmith (collectively, "City Defendants") (ECF No. 11); and (2) the Motion to Dismiss Complaint filed by Defendant San Diego Sheriff's Department ("Sheriff's Department") (ECF No. 12).

## I.    Background

On January 30, 2013, Plaintiff John B. Kenney, proceeding *pro se*, filed a Complaint in this Court.  (ECF No. 1).

### A.    Allegations of the Complaint

On October 14, 2011, "Plaintiff was lawfully at San Diego City Plaza, located on B St., San Diego ... (SD Plaza), peacefully exercising his 1st Amendment rights of Free Speech," when "Plaintiff personally was assaulted 4 times by various SDPD cops, including, two times having his arm aggressively assaulted with a 'flesh-ripper' device."  *Id*. ¶¶ 65-66.  During the last of the four "assaults" on October 14, 2011, an SDPD officer "grabbed [Plaintiff] by the throat and then slammed him to the ground on his back," and sprayed Plaintiff in the face with pepper spray.  *Id*. ¶ 66.

On November 2, 2011, "Plaintiff was lawfully driving to SD Plaza, in order to peacefully express his 1st Amendment rights," when Plaintiff honked his horn to express "support of the Occupy movement and the demonstration(s) against the banks." *Id*. ¶¶ 68-69, 71.  Defendant Thompson, an SDPD officer, "wrote Plaintiff up for 'illegal use of horn,'" which resulted in Plaintiff being fined $235.00.  *Id*. ¶ 70-71.

On December 9, 2011, "Plaintiff was lawfully at SD Plaza, peacefully exercising his 1st Amendment rights of Free Speech," when Plaintiff was "summarily handcuffed ... and arrested" by "[s]everal SDPD officers."  *Id*. ¶¶ 73, 75.  "Despite violating no law, being arrested at 11:30 pm on the night of 12/9/2011, and the fact his fiance and others contacted Defendant Sheriff's department within 2-3 hours, ... and promptly paid $400.00 in bail, they were unable to do anything because Plaintiff was not 'in the system' until 12:30 pm the next day, paid the posted bail at that time, called the Sheriff's office again at 4pm, yet still he was not released until almost 21 hours later." *Id*. ¶ 76.

On January 31, 2012, "Plaintiff was lawfully at SD Plaza, peacefully exercising his 1st Amendment rights of Free Speech," when two SDPD officers "grabbed Plaintiff's bag and, literally, ran away with it." *Id.* ¶¶ 78-79.  Plaintiff informed the officers and Defendant Lawrence, an SDPD officer, that the bag belonged to him. *Id.* ¶¶ 79-80.  The officers drove away with Plaintiff's bag, which was eventually returned to Plaintiff "nearly 20 hours later." *Id.* ¶¶ 81-82.  The bag "had been thoroughly searched, disorganized, some parts damaged, and some of Plaintiff's possessions were missing." *Id.* ¶ 82.

On March 24, 2012,[1] "Plaintiff was peacefully and lawfully driving his wife home" when Defendant SDPD officer Stum wrongfully stopped and ticketed Plaintiff for making "a 'rolling stop.'" *Id.* ¶¶ 84-85.  "Plaintiff contested this illegal targeting and paid yet another fine of $235.00." *Id.* ¶ 86.

As a result of these incidents, the Complaint asserts the following causes of action: (1) violation of civil rights under 42 U.S.C. § 1983; (2) unlawful policies, customs or habits under 42 U.S.C. § 1983; (3) negligence; (4) assault; (5) battery; (6) false arrest/detention – undue delay; (7) negligent and/or intentional infliction of emotional distress; (8) violation of civil rights under California Civil Code §§ 51 & 52; (9) conspiracy under 42 U.S.C. § 1985(3) and/or Penal Code 182; (10) stalking; (11) defamation; and (12) invasion of privacy.  Plaintiff requests compensatory, statutory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs.

**B.    Motions to Dismiss**

On June 10, 2013, the City Defendants filed their Motion to Dismiss.  (ECF No. 11).  The City Defendants contend that the Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  The City Defendants also move to strike portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(f), and move for a more definite

---

[1]  The Complaint also refers to this incident as occurring on March 24, 2011. (ECF No. 1 ¶¶ 64, 84, 136).  For the purposes of deciding the pending motions, the Court will assume the incident is alleged to have occurred on March 24, 2012.

1  statement pursuant to Federal Rule of Civil Procedure 12(e).

2  On June 11, 2013, the Sheriff's Department filed its Motion to Dismiss pursuant

3  to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 12).

4  On July 1, 2013, Plaintiff filed oppositions to the Motions to Dismiss.  (ECF Nos.

5  13, 14).  Plaintiff contends that the Motions to Dismiss should be denied and requests

6  an award of sanctions and costs against Defendants for filing the Motions to Dismiss.

7  Alternatively, Plaintiff requests leave to amend the Complaint.

8  On July 8, 2013, Defendants filed replies in support of their Motions to Dismiss.

9  (ECF Nos. 17, 18).

10  **II.    Discussion**

11  **A.    Standard of Review**

12  Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state

13  a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A pleading that

14  states a claim for relief must contain ... a short and plain statement of the claim showing

15  that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule

16  12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient

17  facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d

18  696, 699 (9th Cir. 1990).

19  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

20  requires more than labels and conclusions, and a formulaic recitation of the elements

21  of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

22  (quoting Fed. R. Civ. P. 8(a)(2)).  When considering a motion to dismiss, a court must

23  accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662,

24  679 (2009).  However, a court is not "required to accept as true allegations that are

25  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

26  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "In sum, for a

27  complaint to survive a motion to dismiss, the non-conclusory factual content, and

28  reasonable inferences from that content, must be plausibly suggestive of a claim

entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

*Pro se* complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a *pro se* litigant's pleadings still must meet some minimum threshold in providing the defendant with notice of what it is that it allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.").

### B. City Defendants' Motion to Dismiss

#### 1. Eighth Cause of Action[2]

The City Defendants contend that "Plaintiff's eighth cause of action is for a violation of California Civil Code section 51 and/or 52, the Unruh Civil Rights Act," and the Complaint fails to adequately allege the elements of an Unruh Act claim because "Plaintiff does not allege that the motivating factor for the defendants' conduct was due to his race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status or sexual orientation." (ECF No. 11-1 at 11). Plaintiff contends that "Defendants are correct: Plaintiff does NOT state an Unruh claim, however he does properly state a Banes Act claim ... which ... is based upon 'political affiliation.'" (ECF No. 13 at 17).

"The Unruh Act, [California] Civ. Code § 51, is a public accommodations statute that focuses on discriminatory behavior by business establishments."[3]  *Stamps v.*

---

[2]  The Court addresses the arguments in the order they are presented in the Motion to Dismiss.

[3]  The Unruh Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal

*Superior Court*, 136 Cal. App. 4th 1441, 1452 (2006).  The Bane Act allows a person

to sue "[i]f a person or persons, whether or not acting under color of law, interferes by

threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or

coercion, with the exercise or enjoyment by any individual or individuals of rights

secured by the Constitution or laws of the United States, or of the rights secured by the

Constitution or laws of this state...."  Cal. Civ. Code, § 52.1(a); *see also Bender v. Cnty.*

*of Los Angeles*, 217 Cal. App. 4th 968, 976-77 (2013).  "The Ralph Act makes unlawful

any acts of violence, or intimidation by threat of violence, directed against a person

because of his or her actual or perceived political affiliation...."  *Bender*, 217 Cal. App.

4th at 975 n.2 (citing Cal. Civ. Code, § 51.7).

The eighth cause of action alleges that during the October 14, 2011, November

2, 2011, December 9-10, 2011, January 31, 2012 and March 24, 2012 incidents,

Defendants violated multiple provisions of the California Civil Code, including the

Unruh Act, § 51, the Bane Act, § 52.1, and the Ralph Act, § 51.7.[4]  (ECF No. 1 ¶ 136).

The eighth cause of action alleges that "Defendants' wrongful conduct through the acts

of unjustified, unreasonable and excessive force, false arrest, false and malicious

prosecution, unlawful searches and seizures and multiple due process and equal

protection violations, because of the Plaintiff's political affiliations, as alleged ... herein,

the Defendants discriminated against and interfered with, or attempted to interfere with

the Plaintiff's freedom, and other inalienable rights, including but not limited to"

numerous provisions of the California and United States Constitutions.  *Id.*  The eighth

cause of action cites the Bane Act, the Ralph Act and the Unruh Act.  As conceded by

Plaintiff, the eighth cause of action does not state a claim pursuant to the Unruh Act.

The City Defendants do not challenge the sufficiency of the allegations concerning the

accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).

[4]  The eighth cause of action also references California Civil Code § 52, which is a remedy statute for, *inter alia*, the Ralph Act and the Unruh Act.  *See Stamps*, 136 Cal. App. 4th at 1452.

Bane Act and the Ralph Act. The City Defendants' Motion to Dismiss the eighth cause of action is granted to the extent the Complaint purports to state a claim pursuant to the Unruh Act, and is otherwise denied.

### 2. Ninth Cause of Action: Section 1985 Conspiracy

The City Defendants contend that the ninth cause of action fails to plead the required elements of a claim for conspiracy pursuant to 42 U.S.C. § 1985(3).[5] (ECF No. 11-1 at 12-13). Plaintiff contends that the ninth cause of action, and other allegations in the Complaint which are incorporated by reference in the ninth cause of action, adequately plead a violation of § 1985(3). (ECF No. 13 at 20-23).

Section 1985(3) provides a civil remedy for conspiracies to deprive a person or class of persons of equal protection of the laws or of equal privileges and immunities. *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983). To satisfy the second element of a § 1985(3) claim, a plaintiff must allege not only deprivation of a legally protected right, but that such deprivation was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992) (quoting *Griffin*, 403 U.S. at 102); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) ("To bring a cause

---

[5] The title page of the Complaint indicates that the ninth cause of action alleges a claim pursuant to California Penal Code § 182, in addition to 42 U.S.C. § 1985(3). (ECF No. 1 at 1). California Penal Code § 182 is not referenced in the ninth cause of action itself. *See id.* at 32-33. There is no private right of action for violation of Penal Code § 182. *See Harvey v. City of S. Lake Tahoe*, No. CIV S-10-1653, 2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011).

of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.") (quotation omitted).

The ninth cause of action for conspiracy pursuant to 42 U.S.C. § 1985(3) fails to adequately allege that Plaintiff was deprived "of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *RK Ventures, Inc.*, 307 F.3d at 1056 (quotation omitted). Elsewhere in the Complaint, Plaintiff alleges that Defendants "targeted [Plaintiff for] support[ing] ... the Occupy movement and the demonstration(s) against the banks." (ECF No. 1 ¶ 71; *see also id*. ¶¶ 68, 129). Section 1985(3) does not reach conspiracies motivated by economic or commercial animus. *See Scott*, 463 U.S. at 836-39. Likewise, a majority of courts that have considered the issue have held that "§ 1985(3) provides no remedy for animus on the basis of political beliefs." *Perez-Sanchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 108-09 (1st Cir. 2008) (collecting cases). Accordingly, the City Defendants' Motion to Dismiss the ninth cause of action is granted.

### 3.    Tenth Cause of Action: Stalking

The City Defendants contend that the tenth cause of action fails to plead the required elements of a claim for stalking pursuant to California Civil Code § 1708.7.[6] (ECF No. 11-1 at 13-14). Plaintiff contends that, "[o]n numerous occasions throughout his Complaint, Plaintiff describes incidents, actions and even intentions of the Defendants using language such as 'followed'; 'stake-out', 'targeted', 'surveil', 'monitor' and 'stalked' ..., then relates these allegations to 'plain and simple'

---

[6]    The tenth cause of action references California Civil Code § 1708 and California Penal Code § 646.9. (ECF No. 1 at 33). Penal Code § 646.9 does not provide a private right of action for stalking, and Plaintiff has failed to point to a statutory basis for inferring a private right of action for violation of Penal Code § 646.9. *Cf. Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.") (quotation omitted). California Civil Code § 1708.7 does provide a private right of action for a claim of stalking. Accordingly, the Court only considers only Civil Code § 1708.7 when addressing the tenth cause of action.

description of various incidents." (ECF No. 13 at 23 (citing ECF No. 1 ¶¶ 65-87, 143-44)).

California Civil Code § 1708.7 provides:

(a) A person is liable for the tort of stalking when the plaintiff proves all of the following elements of the tort:

(1) The defendant engaged in a pattern of conduct the intent of which was to follow, alarm, or harass the plaintiff....

(2) As a result of that pattern of conduct, the plaintiff reasonably feared for his or her safety, or the safety of an immediate family member....

(3) One of the following:

(A) The defendant, as a part of the pattern of conduct specified in paragraph (1), made a credible threat with the intent to place the plaintiff in reasonable fear for his or her safety, or the safety of an immediate family member and, on at least one occasion, the plaintiff clearly and definitively demanded that the defendant cease and abate his or her pattern of conduct and the defendant persisted in his or her pattern of conduct.

(B) The defendant violated a restraining order....

Cal. Civ. Code § 1708.7.

The tenth cause of action incorporates by reference all prior allegations and alleges: "ALL Defendants, each of them ... are responsible for and guilty of the acts complained of herein, either directly or through vicarious liability, and as Defendants, the officers, and each of them, were the ostensible agent of the aforementioned supervisors and employers." (ECF No. 1 ¶ 144). The "general allegations" of the Complaint allege that, on November 2, 2011, SDPD officer Thompson "followed Plaintiff into a nearby parking lot" "in a targeted fashion"; on January 31, 2012, "SDPD officers monitored the people in SD Plaza"; and the traffic stop of Plaintiff on March 24, 2012 constituted "illegal targeting." *Id.* ¶¶ 70, 79, 86.

Even construed liberally, the Complaint fails to adequately allege a cause of action for stalking pursuant to California Civil Code § 1708.7. The Complaint fails to allege that, "[a]s a result of [a] pattern of conduct, the plaintiff reasonably feared for his or her safety, or the safety of an immediate family member," and that a Defendant

1  "made a credible threat with the intent to place the plaintiff in reasonable fear for his

2  or her safety, or the safety of an immediate family member and, on at least one

3  occasion, the plaintiff clearly and definitively demanded that the defendant cease and

4  abate his or her pattern of conduct and the defendant persisted in his or her pattern of

5  conduct." Cal. Civ. Code § 1708.7.  The City Defendants' Motion to Dismiss the tenth

6  cause of action is granted.

### 4.      Eleventh Cause of Action: Defamation

8       The City Defendants contend that the eleventh cause of action for defamation

9  fails to plead the essential elements of a defamation claim and should be dismissed.

10  (ECF No. 11-1 at 14-15).  Plaintiff contends that "[o]n numerous occasions throughout

11  his Complaint, Plaintiff describes incidents, actions and even intentions of the

12  Defendants using language such as 'defame'; 'slander'; 'libel'; 'libelous', etc."  (ECF

13  No. 13 at 24 (citing ECF No. 1 ¶¶ 65-87, 145-48)).

14       "Under California law, defamation 'involves the intentional publication of a

15  statement of fact which is false, unprivileged, and has a natural tendency to injure or

16  which causes special damage.'"  *Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010)

17  (quoting *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 27 (2007)).  "Publication, which may

18  be written or oral, is defined as a communication to some third person who understands

19  both the defamatory meaning of the statement and its application to the person to whom

20  reference is made."  *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165,

21  1179 (2000).  "Under California law, the defamatory statement must be specifically

22  identified, and the plaintiff must plead the substance of the statement.  Even under the

23  liberal federal pleading standards, general allegations of the defamatory statements that

24  do not identify the substance of what was said are insufficient."  *Scott v. Solano Cnty.*

25  *Health & Soc. Servs. Dep't*, 459 F. Supp. 2d 959, 973 (E.D. Cal. 2006) (citations

26  omitted).

27       The eleventh cause of action alleges: "ALL Defendants, through their various

28  actions, committed false representations, defamation, slander &/or libel on its face,

maliciously intent on causing others to feel hatred, contempt, ridicule, obloquy for Plaintiff, which would inherently, on its face, cause Plaintiff to be shunned, avoided and otherwise mentally, emotionally and even physically injured by other 3rd parties." (ECF No. 1 ¶ 147).  The Complaint does not identify the alleged defamatory statement or allege the statement was intentionally published.  The Complaint fails to adequately allege a cause of action for defamation.  The City Defendants' Motion to Dismiss the eleventh cause of action is granted.

### 5.    First Cause of Action Against the City and the SDPD

The City and the SDPD contend that Plaintiff's first cause of action pursuant to 42 U.S.C. § 1983 should be dismissed as to the City and the SDPD because it is based on a theory of respondeat superior.  (ECF No. 11-1 at 15-16).  Plaintiff contends that "[f]rom beginning to end of his Complaint, Plaintiff has pled numerous § 1983 claims." (ECF No. 13 at 19).

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir.  2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)).  "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."  *Id*. (quotation omitted).

In the Complaint, Plaintiff separated his claims pursuant to 42 U.S.C. § 1983 into the first and second causes of action.  The first and second causes of action allege violations of Plaintiff's constitutional rights by "ALL defendants" (ECF No. 1 ¶¶ 99, 112), but only the second cause of action alleges that "a policy, practice, or custom of the [City and the SDPD] can be shown to be a moving force behind a violation of constitutional rights."  *Dougherty*, 654 F.3d at 900; *see* ECF No. 1 ¶¶ 109, 111.

Accordingly, the first cause of action fails to adequately allege municipal liability pursuant to § 1983. The Motion to Dismiss the first cause of action against the City and the SDPD is granted.

### 6. Common Law Causes of Action Against the City and the SDPD

The City and the SDPD contend that "Plaintiff asserts seven causes of action that are based on common law or not statutorily authorized against a public entity," and should be dismissed against them pursuant to California Government Code § 815. (ECF No. 11-1 at 16). Plaintiff contends that the Complaint complies with the applicable pleading standards. (ECF No. 13 at 24).

California Government Code § 815 provides: "Except as otherwise provided by statute: ... A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). California courts have "recognize[d] that notwithstanding the elimination of common law tort liability for public entities [pursuant to California Government Code § 815], they remain liable under the doctrine of respondeat superior for the actions of their employees. Irrespective of Government Code section 815's elimination of common law tort liability for public entities, a public employee generally is liable for an injury caused by his or her act or omission to the same extent as a private person, and when the act or omission of the public employee occurs in the scope of employment the public entity will be vicariously liable for the injury." *Lloyd v. Cnty. of Los Angeles*, 172 Cal. App. 4th 320, 330 (2009) (citing *Zelig v. Cnty. of Los Angeles*, 27 Cal. 4th 1112, 1127 (2002); *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 209 (1991)); *see also Linder v. City of Emeryville*, No. C-13-1934, 2013 WL 4033910, at *3 (N.D. Cal. Aug. 6, 2013) ("[E]ven if an entity might not be liable under the Government Code section 815, it may be liable under the doctrine of respondeat superior.") (citation omitted); *cf.* Cal. Gov't Code § 815.2 ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this

section, have given rise to a cause of action against that employee or his personal representative."). The Motion to Dismiss the common law causes of action against the City and the SDPD on the basis of California Government Code § 815 is denied.

### 7. State Law Claims Relating to the October 14, 2011, November 2, 2011, and December 10, 2011 Incidents

The City Defendants contend that Plaintiff's state law claims regarding the October 14, 2011 and November 2, 2011 incidents are time-barred because Plaintiff failed to file suit within six months after the administrative denial of his claim, and Plaintiff's state law claims regarding the December 10, 2011 incident are time-barred because Plaintiff failed to file a timely administrative claim and did not follow the proper procedures to be relieved of the claims presentation requirement. (ECF No. 11-1 at 17-20). Plaintiff contends that a two-year statute of limitations should apply to the claims in the Complaint, and "the City's strict adherence to an overly and inappropriately rigid municipal tort claim act is in no way analogous to the goals of the Civil Rights Acts." (ECF No. 13 at 17).

The California Government Tort Claims Act ("TCA") establishes procedures for "all claims for money or damages against local public entities" and public employees in California. Cal. Gov't Code § 905; *see* Cal. Gov't Code §§ 900-935.4 & 940-951. Under the TCA, a personal injury suit for damages cannot be brought against a public entity or its employees until a written claim has been presented to the entity, and acted upon or deemed to be rejected by the entity. *See* Cal. Gov't Code § 945.4 (public entities); Cal. Gov't Code § 950.2 (public employees); *cf.* Cal. Gov't Code § 905 (listing claims not relevant to this action which are exempt from the TCA, such as claims for workers' compensation, public benefits and public pensions). Claims for personal injury must be presented within six months after accrual.[7] *See* Cal. Gov't Code § 911.2. The public entity must grant or deny a claim within forty-five days or it is

---

[7] If the claim is not presented within six months of accural, a written application may be made to the public entity for leave to present a late claim. *See* Cal. Gov't Code § 911.4(a). If the public entity denies the application to present a late claim, a party may seek judicial relief from the bar to sue. *See* Cal. Gov't Code § 946.6(a).

deemed rejected. *See* Cal. Gov't Code § 912.4. The mailing of a written denial notice triggers a six-month statute of limitations for filing a court action. *See* Cal. Gov't Code § 945.6. "[U]nder these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007) (quotation omitted). "The six-month statute of limitations for bringing suit is mandatory and must be strictly complied with." *Julian v. City of San Diego*, 183 Cal. App. 3d 169, 176 (1986) (citation omitted). The claim presentation requirement is not required for claims brought under federal law, such as those brought pursuant to 42 U.S.C. § 1983. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626-27 (9th Cir. 1988). If pendent causes of action in federal court are based on state law, those causes of action are subject to the claim presentation requirements of the TCA. *See id.* at 627.

The Complaint asserts causes of action based on incidents that allegedly occurred on five separate occasions: October 14, 2011; November 2, 2011; December 9-10, 2011; January 31, 2012; and March 24, 2012. (ECF No. 1 ¶¶ 65-87). Between April and July 2012, Plaintiff presented five claims to the City based on these incidents. *See id.* ¶ 64.

The claim for the October 14, 2011 incident was denied on June 18, 2012. *See id.*; *see also* ECF No. 11-5 at 4.[8] The claim for the November 2, 2011 incident was denied on June 19, 2012. *See* ECF No. 1 ¶ 64; ECF No. 11-5 at 6. Plaintiff had until December 18, 2012 to file suit with respect to the October 14, 2011 incident and December 19, 2012 to file suit with respect to the November 2, 2011 claims. *See* Cal. Gov't Code § 945.6(a)(1). Plaintiff filed this suit on January 30, 2013. (ECF No. 1). All of Plaintiff's state law claims regarding the October 14, 2011 and November 2, 2011 incidents are time barred. Accordingly, to the extent they assert state law causes

---

[8] The unopposed Request for Judicial Notice is granted. *See* ECF No. 11-2; *see also Elliott v. Amador Cnty. Unified Sch. Dist.*, No. 2:12-CV-117, 2012 WL 5013288, at *7 (E.D. Cal. Oct. 17, 2012) ("Whether or not a Tort Claim has been presented to a public entity is subject to judicial notice.") (collecting cases).

of action based on the October 14, 2011 and November 2, 2011 incidents, the third through twelfth causes of action are dismissed.

Plaintiff filed his claim regarding the December 9-10, 2011 incident on July 31, 2012, over a month late. *See* ECF No. 11-5 at 8-9; Cal. Gov't Code § 911.2.  On August 7, 2011, the claim was rejected as untimely. *See* ECF No. 1¶ 64; ECF No. 11-5 at 11.  The August 7, 2011 letter informed Plaintiff that his recourse was to apply to the City for leave to present a late claim. *See* ECF No. 11-5 at 11.  Plaintiff fails to allege that he applied to the City for leave to present a late claim.  Accordingly, to the extent they assert state law causes of action based on the December 9-10, 2011 incident, the third through twelfth causes of action are dismissed. *Cf. Karim-Panahi*, 839 F.2d at 627 ("The amended complaint fails to allege compliance with California tort claim procedures. The district court properly dismissed the state law tort claims.").

### 8. Section 1983 Causes of Action Against Sanders, Landsdowne and Goldsmith

Defendants Jerry Sanders, William Lansdowne and Jan Goldsmith contend that each of the § 1983 causes of action should be dismissed as to them because Plaintiff inappropriately seeks to hold them liable based solely on their capacity as supervisors. (ECF No. 11-1 at 22-23).  Plaintiff contends that he adequately pled liability of Sanders, Lansdowne and Goldsmith as "*Monell* 'supervisors.'"  (ECF No. 13 at 27; *see also id.* at 25-28).

"Under § 1983, a supervisor is only liable for his own acts.  Where the constitutional violations were largely committed by subordinates, the supervisor is liable only if he participated in or directed the violations." *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1202 (9th Cir. 2009), *overruled on other grounds by Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447 (2010).  *Monell* and its progeny impose liability upon a municipality—as opposed to a supervisor—if a policy or custom deprives a plaintiff of his constitutional rights. *See id.*

The Complaint alleges:

Defendant SDPD Chief of Police William Lansdowne ... at all times herein

mentioned was/is supervisor to, and conspirator with, other Defendants, especially all members of SDPD....

Defendant Ex-Mayor Sanders of San Diego ... is a public official, and was supervisor to, and conspirator with, other Defendants....

Defendant Jan Goldsmith, is and at all times herein mentioned was, the City Attorney ... in the employ of the City of San Diego ..., where most of the following incidents and related acts of interference, malice and oppression occurred, was/is supervisor to, and conspirator with, other Defendants, and was notified of the Plaintiff's grievances concerning these particular despicable violation(s) of his person, his possessions and his civil rights, and elected to callously reject and ignore the Plaintiff's plight and allow the various law enforcement conspirators to continue to maliciously threaten, intimidate, coerce, invade the privacy of and otherwise do what was within their immediate power and whimsical fancy to interfere with the Constitutional rights of the Plaintiff.

(ECF No. 1 ¶¶ 55-57 (quotation omitted)).   The Complaint generally alleges that Sanders, Lansdowne and Goldsmith and numerous others:

are all guilty of this case, and were acting under color of law.   Said Supervisors are responsible for review and responding to claims, complaints an lawsuits, written or otherwise, for all times mentioned herein.... [S]aid Supervisors in charge of legal matters, reviews and responding to claims, have unlawful policies, customs and habits of improper and inadequate hiring, training, retention, discipline and supervision of its police officers, including all of the Defendants mentioned herein, legally causing the constitutional deprivations, injuries and damages alleged in the First Cause of Action. Accordingly all of the above Defendants are liable in their capacities as supervisors.... Further, each and every one of the Defendants had the opportunity and the obligation to intervene and stop the improper, malicious and illegal acts alleged above, but did not do so.  In fact they all cooperated and conspired in the illegal detention.

*Id.* ¶¶ 109-110; *see also id.* ¶¶ 118, 122, 126.

The Complaint's allegations related to the § 1983 liability of Sanders, Lansdowne and Goldsmith are conclusory and fail to state a claim upon which relief can be granted. *Cf. Iqbal*, 556 U.S. at 680-81 ("[Plaintiff] pleads that [defendant]s 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'  The complaint alleges that [defendant] Ashcroft was the 'principal architect' of this invidious policy, and that [defendant] Mueller was 'instrumental' in adopting and executing it.  These bare assertions ... amount to nothing more than a 'formulaic recitation of the elements' of a

constitutional discrimination claim....  As such, the allegations are conclusory and not entitled to be assumed true.") (quoting *Twombly*, 550 U.S. at 555).  The Complaint contains a non-conclusory allegation related to "[t]he City Attorney's 2007-2011 memorandum and legal documents concerning 'Illegal Lodging' and MC 647(e)," which was "read to the SDPD officers."  (ECF No. 1 ¶ 74).  However, the Complaint contains no other allegations about the "2007-2011 memorandum and legal documents" or their role in the incidents at issue.  The Court concludes that the Complaint fails to adequately allege a § 1983 claim against Sanders, Lansdowne or Goldsmith.  The Motion to Dismiss the § 1983 causes of action against Sanders, Lansdowne and Goldsmith is granted.

### 9.   State Law Causes of Action Against Sanders, Landsdowne and Goldsmith

Sanders, Lansdowne and Goldsmith contend that each of the state law causes of action should be dismissed as to them because Plaintiff inappropriately seeks to hold them liable based solely on their capacity as supervisors.  (ECF No. 11-1 at 23-24).  Plaintiff contends that he adequately pled the liability of Sanders, Lansdowne and Goldsmith.  (ECF No. 13 at 25-28).

The California Government Code provides: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.  Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."  Cal. Gov't Code § 820.8; *see also Weaver By & Through Weaver v. State*, 63 Cal. App. 4th 188, 202 (1998) ("Government Code section 820.8 affords [a supervisor defendant] immunity from liability based on the acts of his subordinates....").  As discussed above, the Complaint fails to adequately allege facts to support the conclusion that Sanders, Lansdowne or Goldsmith is liable "for injury proximately caused by his [or her] own negligent or wrongful act or omission."  Cal. Gov't Code § 820.8.  The Motion to Dismiss the state law causes of action against Sanders, Lansdowne and Goldsmith is granted.

### 10. Assault and Battery Causes of Action Against Thompson, Lawrence and Stum

Thompson, Lawrence and Stum contend that the fourth (assault) and fifth (battery) causes of action should be dismissed as to them because the allegations of the Complaint are insufficient to support those causes of action against them.[9] (ECF No. 11-1 at 26). Plaintiff contends that he adequately pled the liability of Thompson, Lawrence and Stum. (ECF No. 13 at 28).

The Complaint alleges that Thompson, Lawrence and Stum are SDPD officers. (ECF No. 1 ¶ 55). The Complaint alleges that, on November 2, 2011, Thompson "wrote Plaintiff up for 'illegal use of horn.'" *Id*. ¶ 70-71. The Complaint alleges that, on January 31, 2012, after two unnamed SDPD officers "grabbed Plaintiff's bag," Plaintiff informed the unnamed officers and Lawrence—who "was nearby"—that the bag belonged to him. *Id*. ¶¶ 78-81. The Complaint alleges that, on March 24, 2012, Stum wrongfully stopped and ticketed Plaintiff for making "a 'rolling stop.'" *Id*. ¶¶ 84-85. The Complaint fails to allege that Thompson, Lawrence or Stum were involved in the alleged assaults "by various SDPD cops" on October 14, 2011. *Id*. ¶ 66. The Complaint fails to adequately allege that Thompson, Lawrence and/or Stum committed assault or battery on Plaintiff. *See Twombly*, 550 U.S. at 555. The Motion to Dismiss the fourth (assault) and fifth (battery) causes of action against Sanders, Lansdowne and Goldsmith is granted.

### 11. Second Cause of Action Against the SDPD

The SDPD contends that the second cause of action (alleging *Monell* liability pursuant to § 1983) against it should be dismissed because the SDPD is not a "person"

---

[9] Thompson, Lawrence and Stum also contend that the tenth (stalking) and eleventh (defamation) causes of action should be dismissed as to them, but—as discussed above—those causes of action have been dismissed against all City Defendants, including Thompson, Lawrence and Stum.

within the meaning of § 1983.[10]  (ECF No. 11-1 at 27-28).  Plaintiff contends that the SDPD is a proper Defendant pursuant to § 1983.  (ECF No. 13 at 29).

"Municipal police departments are 'public entities' under California law and, hence, can be sued in federal court for alleged civil rights violations [pursuant to *Monell* and § 1983]."  *Karim-Panahi*, 839 F.2d at 627 n.2 (citations omitted); *but cf. United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983.") (Ferguson, concurring) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (holding that "an intergovernmental task force" "composed of several local, county, and state governmental entities" including several police departments, is not "an entity amenable to suit under section 1983")).  Although maintaining the second cause of action against both the City and the SDPD is duplicative, the SDPD is subject to suit pursuant to § 1983.  *See Linder v. City of Emeryville*, No. C-13-1934, 2013 WL 4033910, at *3 (N.D. Cal. Aug. 6, 2013) ("[T]he police department is a separate entity that is subject to suit, although claims against it are duplicative of claims against the city.").  The Motion to Dismiss the second cause of action against the SDPD on the basis that the SDPD is not subject to suit pursuant to § 1983 is denied.

### 12.  Motion to Strike Allegations as Immaterial

The City Defendants move to strike paragraphs 1-51, 92, 129, and page 35, lines 4-10 of the Complaint as immaterial.  (ECF No. 11-1 at 28-29).  Plaintiff contends that the allegations of the Complaint "are natural and obvious claims of some of the tyrannies of these state actors, and thus highly proper, relevant and material."  (ECF No. 13 at 29).

Federal Rule of Civil Procedure 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Immaterial matter is that which has no

---

[10]  The SDPD also contends that the first cause of action (also alleging violation of § 1983) should be dismissed as to it, but—as discussed above—the first cause of action has been dismissed against the SDPD.

essential or important relationship to the claim for relief or the defenses being plead." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*. Motions to strike are generally regarded with disfavor and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation omitted).

> The first paragraph of the Complaint states:

> Beginning in the undemocratic, racist, protectionist, predatory and parasitic police-state of Japan, and seriously ramping up after 9/11 and Bush's second theft of our democracy in 2004, Plaintiff, John B. Kenney, has been unconstitutionally badgered, assaulted, violated and attacked, 24/7/365, for well-on ten (10) years++ now, by various power-drunk police-state, ONI & intelligence community goons, security industrial apparatus fascists, and other sundry conspirators—who are just too myopic to see beyond their false and self-aggrandizing conception of the world where they are virtual saviors of our 'national security'—or whatever is left of it after this perfidy—and the rest of us are sheep—to be manipulated, monetized and then consumed. At least, (in their estimation) I must be.

(ECF No. 1 ¶ 1). The following 50 paragraphs of the Complaint are of a similar nature, and do not pertain to the specific causes of action alleged later in the Complaint. *See id*. ¶¶ 2-51. The Court finds that the allegations in paragraphs 1-51 of the Complaint are immaterial, and they are stricken pursuant to Rule 12(f).

Paragraph 92 of the Complaint concerns Plaintiff being "a strong and vocal advocate for the various Constitutional rights of all people," and "espous[ing] positions on various political issues that were ... contrary to those taken by the ... City, SDPD, etc." (ECF No. 1 ¶ 92). The Court finds that paragraph 92 might have a "possible bearing on the subject matter of the litigation," *Neveau*, 392 F. Supp. 2d at 1170, and it is not stricken.

Paragraph 129 of the Complaint is the first paragraph of the seventh cause of action for negligent and/or intentional infliction of emotional distress. Paragraph 129 contains a quote from a 2008 state court complaint (presumably filed by Plaintiff),

which concerns Plaintiff being "coerced into his own private Guantanimo." (ECF No. 1 ¶ 129). In light of the allegations of "severe humiliation, mental anguish and emotional and physical distress" elsewhere in the seventh cause of action, Paragraph 129 is stricken as redundant pursuant to Rule 12(f).

In the Prayer for Relief, page 35, lines 4-10, Plaintiff "pray[s] to a greater justice than these fallible courts have delivered to me to date," states that "I can't help but to despise you for what you do to me ... to humanity ... to our evaporating chance to progress," and "pray[s] for the strength to seek a future of reconciliation and progress." (ECF No. 1 at 35). The Court finds that page 35, lines 4-10 of the Complaint are immaterial, and those lines are stricken pursuant to Rule 12(f).

### 13. Motion to Strike the Request for Punitive Damages Against the City and the SDPD

The City and the SDPD move to strike the request for punitive damages against them on the basis that punitive damages are not recoverable against them as a matter of law. (ECF No. 11-1 at 29). Plaintiff contends that "[i]t is for a jury to decide ... what punitive damages are due...." (ECF No. 13 at 30).

"[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). With respect to the state law claims, public entities are granted statutory immunity from liability for punitive damages. *See* Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code [governing exemplary damages] or other damages imposed primarily for the sake of example and by way of punishing the defendant."). The motion to strike the request for punitive damages against the City and the SDPD is granted.

### 14. Motion for More Definite Statement

The City Defendants move for the more definite statement pursuant to Federal

Rule of Civil Procedure 12(e).[11]  The City Defendants contend that a more definite statement is required because "the Complaint, as pled, does not specify which cause of action is asserted against which defendant(s)," and "Plaintiff does not adequately articulate which aspect of the [Constitutional] amendments were violated." (ECF No. 11-1 at 30).  Plaintiff states that "the FRCP 12(e) request for a more definite statement has ... merit," and does not oppose the request. (ECF No. 13 at 10).  Accordingly, the unopposed motion for more definite statement is granted.  Plaintiff shall file a first amended complaint which shall specify which cause of action is asserted against which Defendant(s), and shall articulate which aspect of the Constitutional amendments that are alleged to have been violated.

### C.   Sheriff's Department Motion to Dismiss

The Sheriff's Department moves for the dismissal of all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Sheriff's Department contends that the Complaint "rest[s] on the unspoken (but mistaken) assumption that plaintiff had a federal constitutional right to be released on bail" on December 9, 2011. (ECF No. 12-1 at 4).  The Sheriff's Department contends that "Plaintiff's conclusory conspiracy allegations can be disregarded," "Plaintiff's federal claims are time-barred," and Plaintiff's state law claims are barred because Plaintiff "cannot allege that he presented an administrative claim to the San Diego Sheriff's Department" or to the County of San Diego. *Id.* at 5-7.

Plaintiff contends that the Motion to Dismiss filed by the Sheriff's Department should be denied and Plaintiff should be awarded sanctions, or alternatively, Plaintiff

---

[11]  Rule 12(e) provides:
A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.
Fed. R. Civ. P. 12(e).

should be granted leave to amend the Complaint. (ECF No. 14 at 24). Plaintiff states that the Sheriff's Department's contention regarding "no constitutional right to bail" concerns a "claim Plaintiff never made." *Id*. at 14. Plaintiff contends that "Plaintiff pled ... 'conspiratorial role(s)' relating back to various pertinent Defendants, often as 'All Defendants,' in nearly every allegation of causes of actions." *Id*. at 19. Plaintiff contends that "Plaintiff is entitled to discovery to ascertain what other violations and conspirators there are." *Id*. at 24. Plaintiff contends that the statute of limitations for all of his claims should be either three years or two years. *Id*. at 23.

The Complaint alleges that, "[d]espite violating no law, being arrested at 11:30 pm on the night of 12/9/2011 [by SDPD officers], and the fact his fiance and others contacted Defendant Sheriff's department within 2-3 hours, (~2am) and promptly paid $400.00 in bail, they were unable to do anything because Plaintiff was not 'in the system' until 12:30 pm the next day, paid the posted bail at that time, called the Sheriff's office again at 4pm, yet still he was not released until almost 21 hours later." (ECF No. ¶ 76). The Complaint alleges that "Defendant San Diego Sheriff's Department ... is a 'public entity' ... and conspirator with, other Defendants." *Id*. ¶ 59. The only remaining allegations related to the Sheriff's Department are conclusory allegations "that ALL Defendants, each of them, were co-conspirators." *Id*. ¶ 142; *see also id*. ¶¶ 90, 107, 112, 120, 124, 128, 131, 135, 144, 146-48, 150.

Plaintiff states that he asserts no claim concerning a Constitutional right to bail. (ECF No. 14 at 14, 23). Accordingly, to the extent the Complaint asserts a claim related to a Constitutional right to bail, the Sheriff's Department's Motion to Dismiss is granted as unopposed. To the extent the Complaint alleges that Sheriff's Department participated in a conspiracy to violate Plaintiff's rights under federal and/or state law, the Court finds that these "allegations are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 555). The Court finds that the Complaint fails to allege any other basis for the Sheriff's Department to be liable for any of the asserted causes of action, except the sixth cause of action for "false

arrest/detention – undue delay." (ECF No. 1 at 28). With respect to the sixth cause of action (as well as the other state law causes of action), the Complaint fails to allege that Plaintiff filed an administrative claim with the Sheriff's Department or the County of San Diego. Cf. ECF No. 1 ¶ 64 (alleging that Plaintiff filed claims with the City and the "Citizen's Review Board"); *cf. Karim-Panahi*, 839 F.2d at 627 ("The amended complaint fails to allege compliance with California tort claim procedures. The district court properly dismissed the state law tort claims."). Accordingly, the Sheriff's Department's Motion to Dismiss is granted.

### D. Plaintiff's Request for Leave to Amend and for Sanctions

Plaintiff requests leave to amend any portions of the Complaint which are dismissed and also requests sanctions against Defendants for filing the Motions to Dismiss. (ECF No. 13 at 33; ECF No. 14 at 24). Plaintiff's request for leave to amend is granted. Plaintiff's request for sanctions is denied.

## III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss filed by the City Defendants is GRANTED in part and DENIED in part, as discussed above. (ECF No. 11). The Motion to Dismiss filed by the Sheriff's Department is GRANTED, as discussed above. (ECF No. 12). Plaintiff's request for leave to amend the Complaint is GRANTED, and Plaintiff's request for sanctions is DENIED. No later than THIRTY (30) DAYS from the date this Order is filed, Plaintiff shall file a first amended complaint. The first amended complaint must be complete in itself, and may not incorporate by reference any other pleadings. *See* S.D. Cal. Civ. L.R. 15.1.

DATED: September 20, 2013

**WILLIAM Q. HAYES**
United States District Judge