1
2
3
4
5
6
7
8
9
10          **UNITED STATES DISTRICT COURT**

11          **SOUTHERN DISTRICT OF CALIFORNIA**

12

13   JOHN B. KENNEY,                             CASE NO. 13cv248-WQH-DHB

14                          Plaintiff,           ORDER

15          vs.
     CITY OF SAN DIEGO, *et al.*,

16                          Defendants.

17   HAYES, Judge:

18          The matters before the Court are (1) the Motion to Dismiss, Motion to Strike and

19   Motion for a More Definite Statement Related to Plaintiff's First Amended Complaint

20   ("Motion to Dismiss"), filed by Defendants City of San Diego ("City"), San Diego

21   Police Department ("SDPD"), William Lansdowne, Jerry Sanders, Scott Thompson,

22   Kaseyelee Lawrence, David Stum, and Jan Goldsmith (collectively, "City Defendants")

23   (ECF No. 26); and (2) the Motion to Dismiss First Amended Complaint filed by

24   Defendant San Diego Sheriff's Department ("Sheriff's Department") (ECF No. 27).

25   **I.    Background**

26          On January 30, 2013, Plaintiff John B. Kenney, proceeding *pro se*, filed a

27   Complaint in this Court. (ECF No. 1). On September 20, 2013, the Court granted in

28   part and denied in part the motions to dismiss the Complaint filed by the City

1    Defendants and the Sheriff's Department.  (ECF No. 20).

2         On October 21, 2013, Plaintiff filed a First Amended Complaint.  (ECF No. 21).

3         **A.    Allegations of the First Amended Complaint**

4         On October 14, 2011, "Plaintiff was lawfully at San Diego City Plaza, located on

5    B St., San Diego ... (SD Plaza), peacefully exercising his 1st Amendment rights of Free

6    Speech," when "Plaintiff personally was assaulted 4 times by various SDPD cops,

7    including, two times having his arm aggressively assaulted with a 'flesh-ripper'

8    device."  *Id*. at 10.  During the last of the four assaults on October 14, 2011, an SDPD

9    officer "grabbed [Plaintiff] by the throat and then slammed him to the ground on his

10   back," and sprayed Plaintiff in the face with pepper spray.  *Id*.

11        On November 2, 2011, "Plaintiff was lawfully driving to SD Plaza, in order to

12   peacefully express his 1st Amendment rights," when Plaintiff honked his horn to

13   express "support of the Occupy movement and the demonstration(s) against the banks."

14   *Id*. at 10-11.  Defendant Thompson, an SDPD officer, "wrote Plaintiff up for 'illegal use

15   of horn,'" which resulted in Plaintiff being fined $235.00.  *Id*. at 11.

16        On December 9, 2011, "Plaintiff was lawfully at SD Plaza, peacefully exercising

17   his 1st Amendment rights of Free Speech," when Plaintiff was "summarily handcuffed

18   ... and arrested" by "[s]everal SDPD officers."  *Id*.  "Despite violating no law, being

19   arrested at 11:30 pm on the night of 12/9/2011, and the fact his fiance and others

20   contacted Defendant Sheriff's department within 2-3 hours, ... and promptly paid

21   $400.00 in bail, they were unable to do anything because Plaintiff was not 'in the

22   system' until 12:30 pm the next day, paid the posted bail at that time, called the

23   Sheriff's office again at 4pm, yet still he was not released until almost 21 hours later."

24   *Id*.

25        On January 31, 2012, "Plaintiff was lawfully at SD Plaza, peacefully exercising

26   his 1st Amendment rights of Free Speech," when two SDPD officers "grabbed

27   Plaintiff's bag and, literally, ran away with it."  *Id*. at 12.  Plaintiff informed the officers

28   and Defendant Lawrence, an SDPD officer, that the bag belonged to him.  *Id*.  The

officers drove away with Plaintiff's bag, which was eventually returned to Plaintiff "nearly 20 hours later." *Id.* The bag "had been thoroughly searched, disorganized, some parts damaged, and some of Plaintiff's possessions were missing." *Id.*

On March 24, 2012, "Plaintiff was peacefully and lawfully driving his wife home" when Defendant Stum, an SDPD officer, wrongfully stopped and ticketed Plaintiff for making "a 'rolling stop.'" *Id.* at 13. "Plaintiff contested this illegal targeting and paid yet another fine of $235.00." *Id.*

As a result of these five incidents, the First Amended Complaint asserts the following causes of action: (1) violation of civil rights under 42 U.S.C. § 1983; (2) unlawful policies, customs or habits under 42 U.S.C. § 1983; (3) negligence; (4) assault; (5) battery; (6) false arrest/detention – undue delay and malicious prosecution; (7) negligent and/or intentional infliction of emotional distress; (8) violation of civil rights under California Civil Code §§ 51 & 52; (9) conspiracy under 42 U.S.C. §§ 1985(3) & 1986 and/or California Penal Code 182; (10) stalking; (11) defamation; and (12) invasion of privacy. Plaintiff requests compensatory, statutory and punitive damages, declaratory and injunctive relief, and attorney's fees and costs.

### B.    Motions to Dismiss

On November 4, 2013, the City Defendants filed their Motion to Dismiss. (ECF No. 26). The City Defendants contend that the following claims of the First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) the ninth cause of action for conspiracy; (2) the tenth cause of action for stalking; (3) the eleventh cause of action for defamation; (4) all of Plaintiff's state law claims relating to the October 14, 2011, November 2, 2011 and December 10, 2011 incidents; (5) the first cause of action for violation of civil rights under 42 U.S.C. § 1983 against the City and the SDPD; (6) all causes of action against Jerry Sanders, William Lansdowne and Jan Goldsmith; and (7) the fourth, fifth, tenth and eleventh causes of action against SDPD Officers Thompson, Lawrence and Stum. The City Defendants move to strike portions

1  of the First Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 12(f).
2  The City Defendants move for a more definite statement with respect to all remaining
3  causes of action pursuant to Federal Rule of Civil Procedure Rule 12(e).

4       On November 4, 2014, the Sheriff's Department filed its Motion to Dismiss
5  pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 27).

6       On December 2, 2013, Plaintiff filed oppositions to the Motions to Dismiss.
7  (ECF Nos. 29, 30).  Plaintiff contends that the Motions to Dismiss should be denied and
8  requests an award of sanctions.

9       On December 5, 2013 and December 9, 2013, Defendants filed replies in support
10  of their Motions to Dismiss.  (ECF Nos. 31, 32).

11  **II.    Discussion**

12       **A.    Standard of Review**

13       Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state
14  a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of
15  Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must
16  contain ... a short and plain statement of the claim showing that the pleader is entitled
17  to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is appropriate where
18  the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable
19  legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20       "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
21  requires more than labels and conclusions, and a formulaic recitation of the elements
22  of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
23  (quoting Fed. R. Civ. P. 8(a)).  "To survive a motion to dismiss, a complaint must
24  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
25  plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,
26  550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
27  content that allows the court to draw the reasonable inference that the defendant is liable
28  for the misconduct alleged."  *Id*. (citation omitted).  "[T]he tenet that a court must

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

*Pro se* complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a *pro se* litigant's pleadings still must meet some minimum threshold in providing the defendant with notice of what it is that it allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.").

## B.    City Defendants' Motion to Dismiss

### 1.    Section 1985 Conspiracy[1]

The City Defendants contend that the ninth cause of action fails to plead the required elements of a claim for conspiracy pursuant to 42 U.S.C. § 1985(3).[2] (ECF

---

[1]   The Court addresses the arguments in the order they are presented in the Motion to Dismiss.

[2]   The title page of the First Amended Complaint indicates that the ninth cause of action alleges a claim pursuant to California Penal Code § 182 and 42 U.S.C. § 1986, in addition to 42 U.S.C. § 1985(3). (ECF No. 21 at 1). California Penal Code § 182 and 42 U.S.C. § 1986 are not referenced in the ninth cause action itself. *See id*. at 50. There is no private right of action for violation of Penal Code § 182. *See Harvey v. City of S. Lake Tahoe*, No. CIV S-10-1653, 2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011). A claim for violation of 42 U.S.C. § 1986 can be stated only if the complaint

No. 26-1 at 10-11).   Plaintiff contends that the ninth cause of action, and other allegations in the First Amended Complaint which are incorporated by reference in the ninth cause of action, adequately plead a violation of § 1985(3). (ECF No. 30 at 19-22).

Section 1985(3) provides a civil remedy for conspiracies to deprive a person or class of persons of equal protection of the laws or of equal privileges and immunities. *See* 42 U.S.C. § 1985(3); *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).  To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."  *United Bhd. of Carpenters & Joiners of Am. v. Scott*, 463 U.S. 825, 828-29 (1983).  To satisfy the second element of a § 1985(3) claim, a plaintiff must allege not only deprivation of a legally protected right, but that such deprivation was "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'"  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir.1992) (quoting *Griffin*, 403 U.S. at 102); *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) ("To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.") (quotation omitted).

In the Court's September 20, 2013 Order, the Court held that the Complaint's cause of action for conspiracy pursuant to 42 U.S.C. § 1985(3) failed to adequately allege that Plaintiff was deprived "of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *RK Ventures, Inc.*, 307 F.3d at 1056 (quotation omitted).  The First Amended

---

states a valid claim for violation of 42 U.S.C. § 1985. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

Complaint fails to remedy this deficiency.  In the First Amended Complaint, Plaintiff alleges that Defendants "targeted [Plaintiff for] support[ing] ... the Occupy movement and the demonstration(s) against the banks." (ECF No. 21 at 11).  Section 1985(3) does not reach conspiracies motivated by economic or commercial animus.  *See Scott*, 463 U.S. at 836-39.  Likewise, a majority of courts that have considered the issue have held that "§ 1985(3) provides no remedy for animus on the basis of political beliefs." *Perez-Sanchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 108-09 (1st Cir. 2008) (collecting cases).  Accordingly, the City Defendants' Motion to Dismiss the ninth cause of action for conspiracy is granted.

### 2.    Stalking

The City Defendants contend that the tenth cause of action fails to plead the required elements of a claim for stalking pursuant to California Civil Code § 1708.7.[3] (ECF No. 26-1 at 11-12).  Plaintiff contends that, "[o]n numerous occasions throughout his Complaint, Plaintiff describes incidents, actions and even intentions of the Defendants using language such as 'followed', 'stake-out', 'targeted', 'surveil', 'monitor' and 'stalked' ..., then relates these allegations to 'plain and simple' description of various incidents." (ECF No. 30 at 22).

California Civil Code § 1708.7 provides:

> (a) A person is liable for the tort of stalking when the plaintiff proves all of the following elements of the tort:
>
>> (1) The defendant engaged in a pattern of conduct the intent of which was to follow, alarm, or harass the plaintiff....
>>
>> (2) As a result of that pattern of conduct, the plaintiff reasonably feared for his or her safety, or the safety of an immediate family member....

---

[3]    The tenth cause of action references California Civil Code § 1708 and California Penal Code § 646.9.  (ECF No. 21 at 51).  California Penal Code § 646.9 does not provide a private right of action for stalking, and Plaintiff has failed to point to a statutory basis for inferring a private right of action for violation of Penal Code § 646.9. *Cf. Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.") (quotation omitted).

(3) One of the following:

> (A) The defendant, as a part of the pattern of conduct specified in paragraph (1), made a credible threat with the intent to place the plaintiff in reasonable fear for his or her safety, or the safety of an immediate family member and, on at least one occasion, the plaintiff clearly and definitively demanded that the defendant cease and abate his or her pattern of conduct and the defendant persisted in his or her pattern of conduct.

> (B) The defendant violated a restraining order....

Cal. Civ. Code § 1708.7.

The tenth cause of action incorporates by reference all prior allegations and alleges: "*ALL Defendants*, each of them ... are responsible for and guilty of the acts complained of herein, either directly or through vicarious liability, and as Defendants, the officers, and each of them, were the ostensible agent of the aforementioned supervisors and employers." (ECF No. 21 at 51). The "general allegations" of the First Amended Complaint allege that, on November 2, 2011, SDPD officer Thompson "followed Plaintiff into a nearby parking lot" "in a targeted fashion"; on January 31, 2012, "SDPD officers monitored the people in SD Plaza"; and the traffic stop of Plaintiff on March 24, 2012 constituted "illegal targeting." *Id*. at 11-13.

In the Court's September 20, 2013 Order, the Court held that the Complaint failed to adequately allege a cause of action for stalking pursuant to California Civil Code § 1708.7. The First Amended Complaint fails to remedy this deficiency. The First Amended Complaint fails to allege facts to show that, "[a]s a result of [a] pattern of conduct, the plaintiff reasonably feared for his or her safety, or the safety of an immediate family member," and that a Defendant "made a credible threat with the intent to place the plaintiff in reasonable fear for his or her safety, or the safety of an immediate family member and, on at least one occasion, the plaintiff clearly and definitively demanded that the defendant cease and abate his or her pattern of conduct and the defendant persisted in his or her pattern of conduct." Cal. Civ. Code § 1708.7. The City Defendants' Motion to Dismiss the tenth cause of action is granted.

**3.     Defamation**

The City Defendants contend that the eleventh cause of action for defamation fails to plead the essential elements of a defamation claim and should be dismissed. (ECF No. 26-1 at 12-13). Plaintiff contends that "[o]n numerous occasions throughout his First Amended Complaint, Plaintiff describes incidents, actions and even intentions of the Defendants using language such as 'defame'; 'slander'; 'libel'; 'libelous', etc." (ECF No. 30 at 23).

"Under California law, defamation 'involves the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage.'" *Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010) (quoting *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 27 (2007)). "Publication, which may be written or oral, is defined as a communication to some third person who understands both the defamatory meaning of the statement and its application to the person to whom reference is made." *Ringler Assocs. Inc. v. Maryland Cas. Co.*, 80 Cal. App. 4th 1165, 1179 (2000). "Under California law, the defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Even under the liberal federal pleading standards, general allegations of the defamatory statements that do not identify the substance of what was said are insufficient." *Scott v. Solano Cnty. Health & Soc. Servs. Dep't*, 459 F. Supp. 2d 959, 973 (E.D. Cal. 2006) (citations omitted).

In the Court's September 20, 2013 Order, the Court held that the Complaint failed to adequately allege a cause of action for defamation. The First Amended Complaint fails to remedy this deficiency. The First Amended Complaint alleges: "*ALL Defendants*, through their various actions, committed false representations, defamation, slander &/or libel on its face, maliciously intent on causing others to feel hatred, contempt, ridicule, obloquy for Plaintiff, which would inherently, on its face, cause Plaintiff to be shunned, avoided and otherwise mentally, emotionally and even physically injured by other 3rd parties." (ECF No. 21 at 51). The First Amended Complaint does not identify the alleged defamatory statement or allege the statement

was intentionally published.  The City Defendants' Motion to Dismiss the eleventh cause of action for defamation is granted.

### 4. State Law Claims Relating to the October 14, 2011, November 2, 2011, and December 9-10, 2011 Incidents

The City Defendants contend that Plaintiff's state law claims regarding the October 14, 2011 and November 2, 2011 incidents are time-barred because Plaintiff failed to file suit within six months after the administrative denial of his claim, and Plaintiff's state law claims regarding the December 9-10, 2011 incident are time-barred because Plaintiff failed to file a timely administrative claim and did not follow the proper procedures to be relieved of the claims presentation requirement.  (ECF No. 26-1 at 13-16).  Plaintiff contends that a two-year statute of limitations should apply to the claims in the First Amended Complaint, and Plaintiff objects to "the City's strict adherence to an overly and inappropriately rigid municipal tort claim act."  (ECF No. 30 at 16).

The California Government Tort Claims Act ("TCA") establishes procedures for "all claims for money or damages against local public entities" and public employees in California.  Cal. Gov't Code § 905; *see* Cal. Gov't Code §§ 900-935.4 & 940-951. Under the TCA, a personal injury suit for damages cannot be brought against a public entity or its employees until a written claim has been presented to the entity, and acted upon or deemed to be rejected by the entity.  *See* Cal. Gov't Code § 945.4 (public entities); Cal. Gov't Code § 950.2 (public employees); *cf.* Cal. Gov't Code § 905 (listing claims not relevant to this action which are exempt from the TCA, such as claims for workers' compensation, public benefits and public pensions).  Claims for personal injury must be presented within six months after accrual.[4]  *See* Cal. Gov't Code § 911.2.  The public entity must grant or deny a claim within forty-five days or it is deemed rejected.  *See* Cal. Gov't Code § 912.4.  The mailing of a written denial notice

---

[4] If the claim is not presented within six months of accural, a written application may be made to the public entity for leave to present a late claim.  *See* Cal. Gov't Code § 911.4(a).  If the public entity denies the application to present a late claim, a party may seek judicial relief from the bar to sue.  *See* Cal. Gov't Code § 946.6(a).

1    triggers a six-month statute of limitations for filing a court action. *See* Cal. Gov't Code

2    § 945.6. "[U]nder these statutes, failure to timely present a claim for money or damages

3    to a public entity bars a plaintiff from filing a lawsuit against that entity." *City of*

4    *Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007) (quotation omitted). "The

5    six-month statute of limitations for bringing suit is mandatory and must be strictly

6    complied with." *Julian v. City of San Diego*, 183 Cal. App. 3d 169, 176 (1986) (citation

7    omitted). The claim presentation requirement is not required for claims brought under

8    federal law, such as those brought pursuant to 42 U.S.C. § 1983. *See Karim-Panahi v.*

9    *Los Angeles Police Dep't*, 839 F.2d 621, 626-27 (9th Cir. 1988). If pendent causes of

10   action in federal court are based on state law, those causes of action are subject to the

11   claim presentation requirements of the TCA. *See id.* at 627.

12       The First Amended Complaint asserts causes of action against the City

13   Defendants based on incidents that allegedly occurred on five separate occasions:

14   October 14, 2011; November 2, 2011; December 9-10, 2011; January 31, 2012; and

15   March 24, 2012. (ECF No. 21 at 10-13). Between April and July 2012, Plaintiff

16   presented five claims to the City based on these incidents. *See id.* at 9.

17       The claim for the October 14, 2011 incident was denied on June 18, 2012. *See*

18   *id.*; *see also* ECF No. 26-4 at 2.[5] The claim for the November 2, 2011 incident was

19   denied on June 19, 2012. *See* ECF No. 21 at 9; ECF No. 26-5 at 2. Plaintiff had until

20   December 18, 2012 to file suit with respect to the October 14, 2011 incident and

21   December 19, 2012 to file suit with respect to the November 2, 2011 claims. *See* Cal.

22   Gov't Code § 945.6(a)(1). Plaintiff filed this suit on January 30, 2013. (ECF No. 1).

23   All of Plaintiff's state law claims regarding the October 14, 2011 and November 2,

24   2011 incidents are time-barred. Accordingly, to the extent they assert state law causes

25   of action against the City Defendants based on the October 14, 2011 and November 2,

26

27       [5] The unopposed Request for Judicial Notice is granted. *See* ECF No. 26-2; *see*
28   *also Elliott v. Amador Cnty. Unified Sch. Dist.*, No. 2:12-CV-117, 2012 WL 5013288,
     at *7 (E.D. Cal. Oct. 17, 2012) ("Whether or not a Tort Claim has been presented to a
     public entity is subject to judicial notice.") (collecting cases).

2011 incidents, the third through twelfth causes of action are dismissed.

Plaintiff filed his claim regarding the December 9-10, 2011 incident on July 31, 2012, over a month late.  *See* ECF No. 26-6 at 2-3; Cal. Gov't Code § 911.2.  On August 7, 2011, the claim was rejected as untimely.  *See* ECF No. 21at 9; ECF No. 26-7 at 2.  The August 7, 2011 letter informed Plaintiff that his recourse was to apply to the City for leave to present a late claim.  *See* ECF No. 26-7 at 2.  Plaintiff fails to allege that he applied to the City for leave to present a late claim.  Accordingly, to the extent they assert state law causes of action against the City Defendants based on the December 9-10, 2011 incident, the third through twelfth causes of action are dismissed. *Cf. Karim-Panahi*, 839 F.2d at 627 ("The amended complaint fails to allege compliance with California tort claim procedures. The district court properly dismissed the state law tort claims.").

### 5.    First Cause of Action Against the City and the SDPD

The City and the SDPD contend that Plaintiff's first cause of action pursuant to 42 U.S.C. § 1983 should be dismissed as to the City and the SDPD because it is based on a theory of respondeat superior.  (ECF No. 26-1 at 16-17).  Plaintiff contends that "Plaintiff has pled numerous § 1983 claims."  (ECF No. 30 at 18).

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)).  "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Id.* (quotation omitted).

In the First Amended Complaint, Plaintiff separated his claims pursuant to 42 U.S.C. § 1983 into the first and second causes of action.  The first and second causes

of action allege violations of Plaintiff's constitutional rights by "ALL defendants" (ECF No. 21 at 38, 40), but only the second cause of action alleges that "a policy, practice, or custom of the [City and the SDPD] can be shown to be a moving force behind a violation of constitutional rights." *Dougherty*, 654 F.3d at 900; *see* ECF No. 21 at 41-42. Accordingly, the first cause of action fails to adequately allege municipal liability pursuant to § 1983. The Motion to Dismiss the first cause of action against the City and the SDPD is granted.

### 6. Section 1983 Causes of Action Against Sanders, Landsdowne and Goldsmith

Defendants Jerry Sanders, William Lansdowne and Jan Goldsmith contend that each of the § 1983 causes of action should be dismissed as to them because Plaintiff inappropriately seeks to hold them liable based solely on their capacity as supervisors. (ECF No. 26-1 at 19-20). Plaintiff contends that he adequately pled liability of Sanders, Lansdowne and Goldsmith as "*Monell* 'supervisors.'" (ECF No. 30 at 25).

"Under § 1983, a supervisor is only liable for his own acts. Where the constitutional violations were largely committed by subordinates, the supervisor is liable only if he participated in or directed the violations." *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170, 1202 (9th Cir. 2009), *overruled on other grounds by Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447 (2010). *Monell* and its progeny impose liability upon a municipality—as opposed to a supervisor—if a policy or custom deprives a plaintiff of his constitutional rights. *See id.*

The First Amended Complaint contains the following allegations specific to Sanders, Lansdowne and/or Goldsmith:

> Defendant SDPD Chief of Police William Lansdowne ... at all times herein mentioned was/is supervisor to, and conspirator with, other Defendants, especially all members of SDPD....
>
> Defendant Ex-Mayor Sanders of San Diego ... is a public official, and was supervisor to, and conspirator with, other Defendants....
>
> Defendant Jan Goldsmith, is and at all times herein mentioned was, the City Attorney ... in the employ of the City of San Diego ..., where most of the following incidents and related acts of interference, malice and oppression occurred, was/is supervisor to, and conspirator with, other

Defendants, and was notified of the Plaintiff's grievances concerning these particular despicable violation(s) of his person, his possessions and his civil rights, and elected to callously reject and ignore the Plaintiff's plight and allow the various law enforcement conspirators to continue to maliciously threaten, intimidate, coerce, invade the privacy of and otherwise do what was within their immediate power and whimsical fancy to interfere with the Constitutional rights of the Plaintiff....

Plaintiff alleges on information and belief that SDPD Officers involved in incidents of 10/14/2011, 11/02/2011, 12/10/2012, 1/31/2012, 3/24/[2012], *ante*, among others, and were individuals acting within the course and scope of their employment with ALL Supervisor Defendants the City, SDPD, SDPD-Chief Lansdowne, Mayor, C.A. Goldsmith, various IC/MIC Conspirators, SD Sheriff Gore and Does #1-20,000, and are all guilty of this cause, and were acting under the color of law....

ALL Defendants, including Defendants City, SDPD, SDPD Officers Does #1-200, SDPD-Chief Lansdowne, Mayor, various IC/MIC Conspirators, SD Sheriff Gore and Does #1-20,000 are all guilty of this cause of action, and were acting under the color of law....

Plaintiff alleges that ALL Defendants, including Defendants City, SDPD, SDPD Officers Does #1-200, SDPD-Chief Lansdowne, and Does #1-20,000 are all guilty of this cause, and were acting under the color of law, each of them, whether a.) As officers under the color of law, or b.) As employers and/or supervisors with their respective supervisory or employment relationships to the officers, as named in the Second and Third Causes of Action, also under the color of law, and each of them, are responsible for the acts complained of herein either directly or through vicarious liability, and as Defendants, the officers, and each of them, were ostensible agents and/or employees of the aforementioned supervisors and employers....

Plaintiff alleges that ALL Defendants, including City, SDPD, SDPD Officers Does #1-200, SDPD-Chief Lansdowne, Mayor, C.A. Goldsmith, various IC/MIC Conspirators, SD-Sheriff Gore and Does #1-20,000 are all guilty of this cause, and were acting under the color of law, each of them, whether a.) As officers under the color of law, or b.) As employers and/or supervisors with their respective supervisory or employment relationships to the officers, as named in the Second and Third Causes of Action, also under the color of law, and each of them, are responsible for the acts complained of herein either directly or through vicarious liability, and as Defendants, the officers, and each of them, were ostensible agents and/or employees of the aforementioned supervisors and employers.

(ECF No. 21 at 7, 41, 43-46 (quotation and emphasis omitted)).

As was the case in the original Complaint, *see* Sept. 20, 2013 Order at 15-17, ECF No. 20, the allegations of the First Amended Complaint related to the § 1983 liability of Sanders, Lansdowne and Goldsmith "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81 ("[Plaintiff] pleads that [defendant]s 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions

of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'  The complaint alleges that [defendant] Ashcroft was the 'principal architect' of this invidious policy, and that [defendant] Mueller was 'instrumental' in adopting and executing it.  These bare assertions ... amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim....  As such, the allegations are conclusory and not entitled to be assumed true.") (quoting *Twombly*, 550 U.S. at 555).  The First Amended Complaint contains an allegation related to "[t]he City Attorney's 2007-2011 memorandum and legal documents concerning 'Illegal Lodging' and MC 647(e)," which was "read to the SDPD officers."  (ECF No. 21 at 11).  However, the First Amended Complaint contains no other allegations about the "2007-2011 memorandum and legal documents" or their role in the incidents at issue.  The Court concludes that the First Amended Complaint fails to adequately allege a § 1983 claim against Sanders, Lansdowne or Goldsmith.  The Motion to Dismiss the § 1983 causes of action against Sanders, Lansdowne and Goldsmith is granted.

### 7.   State Law Causes of Action Against Sanders, Landsowne and Goldsmith

Sanders, Lansdowne and Goldsmith contend that each of the state law causes of action should be dismissed as to them because Plaintiff inappropriately seeks to hold them liable based solely on their capacity as supervisors.  (ECF No. 26-1 at 20-23).  Plaintiff contends that he adequately pled the liability of Sanders, Lansdowne and Goldsmith.  (ECF No. 30 at 23-26).

The California Government Code provides: "Except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.  Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission."  Cal. Gov't Code § 820.8; *see also Weaver By & Through Weaver v. State*, 63 Cal. App. 4th 188, 202 (1998) ("Government Code section 820.8 affords [a supervisor defendant] immunity from liability based on the acts of his subordinates....").  As discussed above,

the First Amended Complaint fails to adequately allege facts to support the conclusion that Sanders, Lansdowne or Goldsmith is liable "for injury proximately caused by his [or her] own negligent or wrongful act or omission."  Cal. Gov't Code § 820.8.  The Motion to Dismiss the state law causes of action against Sanders, Lansdowne and Goldsmith is granted.

### 8.  Assault and Battery Causes of Action Against Thompson, Lawrence and Stum

Thompson, Lawrence and Stum contend that the fourth (assault) and fifth (battery) causes of action should be dismissed as to them because the allegations of the Complaint are insufficient to support those causes of action against them.[6]  (ECF No. 26-1 at 23-24).  Plaintiff contends that he adequately pled the liability of Thompson, Lawrence and Stum.  (ECF No. 30 at 27).

The First Amended Complaint alleges that Thompson, Lawrence and Stum are SDPD officers.  (ECF No. 21 at 11-13).  The First Amended Complaint alleges that, on November 2, 2011, Thompson "wrote Plaintiff up for 'illegal use of horn.'"  *Id.* at 11.  The First Amended Complaint alleges that, on January 31, 2012, after two unnamed SDPD officers "grabbed Plaintiff's bag," Plaintiff informed the unnamed officers and Lawrence—who "was nearby"—that the bag belonged to him.  *Id.* at 12.  The First Amended Complaint alleges that Lawrence "was argumentative, stating words to the effect that [the bag] was abandoned," and Lawrence "didn't care [about Plaintiff's claim], and signaled to the 2 [officers] in the patrol car to leave."  *Id.*  The First Amended Complaint alleges that, on March 24, 2012, Stum wrongfully stopped and ticketed Plaintiff for making "a 'rolling stop.'"  *Id.* at 13.  The First Amended Complaint fails to allege that Thompson, Lawrence or Stum were involved in the alleged assaults "by various SDPD cops" on October 14, 2011.  *Id.* at 10.  The First Amended Complaint fails to adequately allege that Thompson, Lawrence and/or Stum

---

[6]  Thompson, Lawrence and Stum also contend that the tenth (stalking) and eleventh (defamation) causes of action should be dismissed as to them, but—as discussed above—those causes of action have been dismissed against all City Defendants, including Thompson, Lawrence and Stum.

committed assault or battery on Plaintiff.  *See Twombly*, 550 U.S. at 555.  The Motion to Dismiss the fourth (assault) and fifth (battery) causes of action against Thompson, Lawrence and Stum is granted.

### 9. Motion to Strike Allegations as Immaterial or Improper

The City Defendants move for an order striking as immaterial or improper the following allegations of the First Amended Complaint: page 2, line 26 through page 5, line 28; page 32, line 21 through page 33, line 12; page 46, lines 22 through 28; and page 53, lines 4 through 11.  (ECF No. 26-1 at 24-25).  Plaintiff contends that the allegations of the First Amended Complaint "are natural and obvious claims of some of the tyrannies of these state actors, and thus highly proper, relevant and material." (ECF No. 30 at 28).

Federal Rule of Civil Procedure 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.* Motions to strike are generally regarded with disfavor and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citation omitted).

The opening paragraphs of the First Amended Complaint state:

I come again to appeal to this government's justice.  If only that '*justice*' were truly of a '*democracy*'.

Plaintiff, in pro se, protests this local, national and global hypocrisy of Democracy, this subversion of our Constitution and its guaranteed civil liberties at the hands of the small cadre of KGB-STAZI*esque*, *S-S* secret police-state, crypto-fascist apparatchik elements, working for their corporate and filthy rich greed superiors that want us as docile serfian drones, merely to milk for their dollar-lust and ephemeral corporal pleasures, all the while hiding their hypocrisies under the fraudulent guise

of '*patriotism*' and '*national security*'.  These are merely code-words for a killer-ape warrior mentality of zero-sum game, discriminatory and suppressive, beggar-thy-neighbor so that *we -our* control freak greed tribe, not yours- can swill the fruits of our collective, multi-generational, historical labors- so heavenly high on the hog, and you can... And you can...

And *you* in *my* prison.

Physical, Financial, Intellectual, Spiritual or otherwise.

It is that simple:

You either believe in a '*Demo*-cracy' of a *We The 'People's* economy' and government and justice....

Or you don't.

You try to steal and suppress for yourself and whatever greed-tribe(s) it is you most identify yourself with.

It is *my* tribe versus *you*- The rest of you ... the community, the world, the very nature of democracy itself.

(ECF No. 21 at 2-3).  The following three pages of allegations are of a similar nature, and do not pertain to the specific causes of action alleged later in the First Amended Complaint.  *See id*. at 3-5.  The final three paragraphs of page five of the First Amended Complaint requests that the Court strike language in the City Defendants' motion to dismiss the original Complaint which Plaintiff alleges is an "attempt[] to discredit Plaintiff by suggesting he's '*crazy*' or something."  *Id*. at 5.  The Court finds that the allegations in page 2, line 26 through page 5, line 28 of the First Amended Complaint are immaterial or improper, and they are stricken pursuant to Rule 12(f).

Page 32 of the First Amended Complaint states: "The litany of violations against Plaintiff continues virtually unabated.  His privacy is monitored and invaded 24/7/365.  A series of different type drones, camera systems, GPS, static monitoring networks (Probably DirecTV Murdochian Adelsonesque satellites, etc.) and other technologies are used to track and stalk and then interfere and psy-op his life as the greed-tribe(s) whims &/or wills, with or impunity."  *Id*. at 32.  Pages 32 and 33 then contain allegations regarding a traffic stop in Las Vegas, Nevada and a "DefCon hackers' convention" in Las Vegas.  *Id*. at 32-33.  The Court finds that the allegations in page 32,

line 21 through page 33, line 12 of the First Amended Complaint are immaterial or improper, and they are stricken pursuant to Rule 12(f).

Page 46, lines 22 through 28, is a quote from a 2008 state court complaint (presumably filed by Plaintiff), which concerns Plaintiff being "coerced into his own private Guantanamo." *Id.* at 46. In light of the allegations of "severe humiliation, mental anguish and emotional and physical distress" elsewhere in the seventh cause of action for negligent and/or intentional infliction of emotional distress, the allegations in page 46, lines 22 through 28, are stricken as redundant pursuant to Rule 12(f).

In the Prayer for Relief, page 53, lines 4 through 11, Plaintiff "pray[s] to a greater justice than these fallible courts have delivered to me to date," states that "I can't help but to despise you for what you do to me ... to humanity ... to our evaporating chance to progress beyond," and "pray[s] for the strength to seek a future of reconciliation and progress." *Id*. at 53. The Court finds that the allegations in page 53, lines 4 through 11 of the First Amended Complaint are immaterial, and those lines are stricken pursuant to Rule 12(f).

### 10. Motion to Strike the Request for Punitive Damages Against the City and the SDPD

The City and the SDPD move to strike the request for punitive damages against them on the basis that punitive damages are not recoverable against them as a matter of law. (ECF No. 26-1 at 25-26). Plaintiff contends that "[i]t is for a jury to decide ... what punitive damages are due...." (ECF No. 30 at 29).

"[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). With respect to the state law claims, public entities are granted statutory immunity from liability for punitive damages. *See* Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code [governing exemplary damages] or other damages imposed primarily for the sake of example and by way of punishing the defendant."). The motion to strike the request for punitive damages against the City and the SDPD is granted.

### 11.   Motion for More Definite Statement

The City Defendants move for the more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  The City Defendants contend that a more definite statement is required because the First Amended Complaint, "as pled, does not specify which cause of action is asserted against which defendant(s)," and "Plaintiff does not adequately articulate which aspect of the [Constitutional] amendments were violated." (ECF No. 26-1 at 26).

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading ... which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  "[M]otions for a more definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.  A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted in order to frame a response.  The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of the claim being asserted." *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013) (quotation and citations omitted).

With respect to the causes of action remaining against the City Defendants, the Court finds that the First Amended Complaint is specific enough to notify the remaining City Defendants of the substance of the claims being asserted.  The motion for more definite statement is denied.

### C.   Sheriff's Department's Motion to Dismiss

The Sheriff's Department moves for the dismissal of all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Sheriff's Department contends that the allegations against the Sheriff's Department in the First Amended Complaint "may possibly rest on the unspoken (but mistaken) assumption that plaintiff had a federal constitutional right to be released on bail" on December 9, 2011.  (ECF No. 27-1 at 3). The Sheriff's Department contends that "Plaintiff's federal claims are time-barred," and

Plaintiff's state law claims are barred because Plaintiff "cannot allege that he presented an administrative claim to the San Diego Sheriff's Department" or to the County of San Diego.  *Id*. at 4-6.

Plaintiff contends that the Motion to Dismiss filed by the Sheriff's Department should be denied and Plaintiff should be awarded sanctions.  (ECF No. 29 at 26).  Plaintiff states that the Sheriff's Department's contention regarding "no constitutional right to bail" is a "red herring" and concerns a "claim Plaintiff never made" in the First Amended Complaint.  *Id*. at 16.  Plaintiff contends that "Plaintiff pled ... '*conspiratorial role(s)*' relating back to various pertinent Defendants, often as '*All Defendants*,' in nearly every allegation of causes of actions."  *Id*. at 21.  Plaintiff contends that the statute of limitations for his claims should be two or three years.  *Id*. at 16-21.

The First Amended Complaint alleges that, "[d]espite violating no law, being arrested at 11:30 pm on the night of 12/9/2011 [by SDPD officers], and the fact his fiance and others contacted Defendant Sheriff's department within 2-3 hours, (~2am) and promptly paid $400.00 in bail, they were unable to do anything because Plaintiff was not 'in the system' until 12:30 pm the next day, paid the posted bail at that time, called the Sheriff's office again at 4pm, yet still he was not released until almost 21 hours later."  (ECF No. 21 at 11).  The only remaining allegations related to the Sheriff's Department and Sheriff William Gore are conclusory allegations "that ALL Defendants, each of them, were co-conspirators."  *Id*. at 50, *see also id*. at 35-38, 40-41, 43-45, 47-48, 51-52.

Plaintiff states that he asserts no claim concerning a Constitutional right to bail.  (ECF No. 29 at 16).  Accordingly, to the extent the First Amended Complaint asserts a claim related to a Constitutional right to bail, the Sheriff's Department's Motion to Dismiss is granted as unopposed.  To the extent the First Amended Complaint alleges that the Sheriff's Department and/or Sheriff William Gore participated in a conspiracy to violate Plaintiff's rights under federal and/or state law, the Court finds that these "allegations are conclusory and not entitled to be assumed true."  *Iqbal*, 556 U.S. at 681

1  (citing *Twombly*, 550 U.S. at 555).  The Court finds that the First Amended Complaint

2  fails to allege any other basis for the Sheriff's Department to be liable for any of the

3  asserted causes of action, except the sixth cause of action for "false arrest/detention –

4  undue delay."  (ECF No. 21 at 45).  With respect to the sixth cause of action (as well

5  as the other state law causes of action), the First Amended Complaint fails to allege that

6  Plaintiff filed an administrative claim with the Sheriff's Department or the County of

7  San Diego. *Cf. Karim-Panahi*, 839 F.2d at 627 ("The amended complaint fails to allege

8  compliance with California tort claim procedures. The district court properly dismissed

9  the state law tort claims.").  Accordingly, the Sheriff's Department's Motion to Dismiss

10  is granted.

**III.  Conclusion**

12       IT IS HEREBY ORDERED that the Motion to Dismiss filed by the City

13  Defendants is granted as follows: the ninth cause of action for conspiracy, the tenth

14  cause of action for stalking, and the eleventh cause of action for defamation are

15  dismissed as to all City Defendants; to the extent they assert claims against the City

16  Defendants based on the October 14, 2011, November 2, 2011, and December 9-10,

17  2011 incidents, all state law causes of action are dismissed; the first cause of action

18  against the City and the SDPD is dismissed; all causes of action against Sanders,

19  Lansdowne and Goldsmith are dismissed; and the fourth (assault) and fifth (battery)

20  causes of action against Thompson, Lawrence and Stum are dismissed.  (ECF No. 26).

21  The following claims against the following City Defendants in the First Amended

22  Complaint have not been dismissed: first cause of action for violation of civil rights

23  under 42 U.S.C. § 1983 against Thompson, Lawrence and Stum; second cause of action

24  for unlawful policies, customs or habits under 42 U.S.C. § 1983 against the City and the

25  SDPD; third cause of action for negligence against the City, the SDPD, Thompson,

26  Lawrence and Stum for incidents alleged in the First Amended Complaint other than

27  the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; fourth

28  cause of action for assault against the City and the SDPD for incidents alleged in the

First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; fifth cause of action for battery against the City and the SDPD for incidents alleged in the First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; sixth cause of action for false arrest/detention – undue delay and malicious prosecution against the City, the SDPD, Thompson, Lawrence and Stum for incidents alleged in the First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; seventh cause of action for negligent and/or intentional infliction of emotional distress against the City, the SDPD, Thompson, Lawrence and Stum for incidents alleged in the First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; eighth cause of action for violation of civil rights under California Civil Code §§ 51 & 52 against the City, the SDPD, Thompson, Lawrence and Stum for incidents alleged in the First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; twelfth cause of action for state law invasion of privacy against the City, the SDPD, Thompson, Lawrence and Stum for incidents alleged in the First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; and twelfth cause of action for federal law invasion of privacy against the City, the SDPD, Thompson, Lawrence and Stum.[7]  The following allegations are stricken from the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f): page 2, line 26 through page 5, line 28; page 32, line 21 through page 33, line 12; page 46, lines 22 through 28; and page 53, lines 4 through 11.  The motion to strike the request for punitive damages against the City and the SDPD is granted.  The motion for more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is denied.  All remaining City Defendants shall file an Answer to the

_____

[7]  To the extent the City Defendants moved to dismiss claims in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court grants the motion in its entirety.  The City Defendants did not move to dismiss the remaining claims listed above.  The Court makes no finding that these claims are adequately pled.

First Amended Complaint no later than fourteen (14) days from the date this Order is filed.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by the Sheriff's Department is granted. (ECF No. 27). All claims against the Sheriff's Department and Sheriff William Gore are dismissed. Plaintiff's request for sanctions against the City Defendants and the Sheriff's Department is denied.

DATED: January 28, 2014

**WILLIAM Q. HAYES**
United States District Judge