# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY, | CASE NO. 13cv248-WQH-JLB |
| Plaintiff, | ORDER |
| vs. | |
| CITY OF SAN DIEGO, *et al.*, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are (1) the Motion for Reconsideration, filed by Plaintiff (ECF Nos. 85, 97); (2) the Motions to Supplement the First Amended Complaint, filed by Plaintiff (ECF Nos. 103, 104, 109); and (3) the Motions to Dismiss, filed by numerous Defendants (ECF Nos. 93, 107, 110, 119, 120).

## I.    Background

On January 30, 2013, Plaintiff John B. Kenney, proceeding *pro se*, filed a Complaint in this Court. (ECF No. 1). On September 20, 2013, the Court granted in part and denied in part the motion to dismiss the Complaint filed by Defendants City of San Diego, San Diego Police Department, William Lansdowne, Jerry Sanders, Scott Thompson, Kaseyelee Lawrence, David Stum, and Jan Goldsmith (collectively, "City Defendants"). (ECF No. 20). In the same Order, the Court granted the motion to dismiss filed by the San Diego Sheriff's Department ("Sheriff's Department"). *Id*.

On October 21, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 21).

On January 28, 2014, the Court granted the motions to dismiss portions of the First Amended Complaint filed by the City Defendants and the Sheriff's Department. (ECF No. 33). In the January 28, 2014 Order, the Court listed the nine causes of action against various City Defendants which were not dismissed. *See id*. at 22-23. The Court presumes familiarity with the January 28, 2014 Order and the other orders and filings in this action.

## II.    Motion for Reconsideration

Plaintiff requests that the Court reconsider the rulings in the January 28, 2014 Order which were adverse to Plaintiff. (ECF No. 85). Plaintiff contends that he adequately pled each of his asserted causes of action against each of the moving Defendants, and the Court erred in dismissing certain claims against certain Defendants and striking certain allegations. Plaintiff alternatively requests leave to amend the First Amended Complaint. Plaintiff also requests that "the Court excuse itself for obvious bias." *Id*. at 19. In a separate motion, Plaintiff filed exhibits in support of the Motion for Reconsideration.[1] (ECF No. 97).

The City Defendants filed oppositions to the Motion for Reconsideration, and Plaintiff filed replies. (ECF Nos. 88, 96, 100, 105).

### A.    Request for Reconsideration

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted).

After review of the Motion for Reconsideration and the prior orders issued in this

---

[1] Plaintiff's motion to file exhibits in support of the Motion for Reconsideration is granted. (ECF No. 97). Plaintiff's request for leave to amend the First Amended Complaint is discussed *infra*.

case, the Court concludes that Plaintiff does not present the Court with newly discovered evidence, does not establish that the Court committed clear error, and does not establish an intervening change in the law.   Accordingly, the Motion for Reconsideration is denied.

### B.    Request for Recusal

"The standard for recusal ... is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (quotation omitted).   "To warrant recusal, judicial bias must stem from an extrajudicial source." *Id.* (citation omitted).   "[A] judge's prior adverse ruling is not sufficient cause for recusal." *Id.* (quotation omitted).

Plaintiff requests that the Court recuse on the grounds that the Court's prior rulings in this case and a prior case were adverse to him.   Plaintiff has not alleged judicial bias from an extrajudicial source.   Plaintiff's request that the Court recuse itself from this case is denied.

### III.   Motions to Supplement the First Amended Complaint

Plaintiff moves for an order allowing Plaintiff to supplement the First Amended Complaint with two exhibits.   *See* ECF Nos. 102-1, 102-2, 103-2, 104-2, 109 at 13-14. The docket reflects that the motions are unopposed.   Pursuant to Civil Local Rule 7.1(f)(3)(c), Plaintiff's motions to supplement the First Amended Complaint are granted.  (ECF Nos. 103, 104, 109).   The two exhibits are considered part of the First Amended Complaint, which is the operative pleading.  (ECF Nos. 21, 102).[2]   Any further amendment or supplement to the operative pleading must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading, which shall be entitled "Second Amended Complaint." Any amended pleading must be complete in itself without reference to any prior

---

[2]  Plaintiff filed the First Amended Complaint twice, on October 21, 2013, without the two exhibits (ECF No. 21), and March 14, 2014, with the two exhibits (ECF No. 102).   Apart from the exhibits, the two filings are identical.

pleading. *See* S.D. Cal. Civ. L.R. 15.1.

**IV.    Motions to Dismiss**

The following Defendants have filed pending Motions to Dismiss the First Amended Complaint: Bret Jacobus (ECF No. 93), Jeffrey Foshag (ECF No. 107), the City Defendants (ECF No. 110), various federal Defendants (ECF No. 119), and Gordon Pettus (ECF No. 120).

**A.    Standard of Review**

The majority of the pending Motions to Dismiss are brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

*Pro se* complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a *pro se* litigant's pleadings still must meet some minimum threshold in providing the defendant with notice of what it is that it allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, *pro se* litigants are bound by the rules of procedure.").

## B.    Bret Jacobus

Defendant Bret Jacobus (sued as "Brett") moves for the dismissal of all claims against him in the First Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 93). Plaintiff opposes the Motion to Dismiss, and contends that the First Amended Complaint adequately pleads claims for relief against Jacobus. (ECF No. 118).

The sole specific reference to Jacobus in the First Amended Complaint is the reference to "Brett" in the following passage:

> Throughout Plaintiff Kenney's time here in Scam Diego he has been surveilled, monitored and interfered with by the Scam Diego - San Diego Security Network, Cubic Corp. L-3, U.S. Security Associates, Pinkertons, Pinkerton Governmental Services, SAIC, Tyco Corporation, and others, including their agents in the only place Plaintiff was allowed to live in San Diego, 5076 Saratoga Ave. including its owner, ex-Duke Cunninghamesque 'Naval Fighter Pilot' Gordon Pettus, Paul 'Pablo' Martin, who had previously entered Plaintiff's home with his partner, psychiatrist and e-mail, electronic surveillance pretexter Allison, formerly of Apt. #6, 5076 Saratoga Ave. San Diego, Randal Holmes, (or Randall K. Holmes, or Randall Kenneth Holmes), formerly of Apt. #9, 5076 Saratoga Ave. and of Pinkerton's &/or Pinkerton Governmental Services (PGS) &/or U.S. Security Services, and his ex-wife Dina Holmes, and his 'boss' Jim Clark of PGS and the San Diego Regional Chamber of Commerce;

and Brett, formerly of Apt. #3, presently Apt. #6, 5076 Saratoga Ave., and of Tyco Corporation, and SAIC, and Mitch, presently of Apt. #3, 5076 Saratoga Ave. and of computer geek Matthew of Apt. #5, 5076 Saratoga Ave. and his previous roommate and head-hunter Bernardo, formerly of Apt. #5, 5076 Saratoga Ave, as well as probably all other present occupants of 5076 Saratoga Ave.

All of the herein mentioned Defendants are sued for defamation, invasion of privacy, [negligent infliction of emotional distress] &/or [intentional infliction of emotional distress], other civil rights violations, and other causes of action as they are discovered.

(ECF No. 102 at 31; *see also* ECF No. 21 at 31 (same)).  In opposition to the Motion to Dismiss, Plaintiff contends that "Defendant Jacobus has acted as an agent under the color of law of other state actors," and "Plaintiff pled such 'conspiratorial role(s)' relating back to the various pertinent Defendants, often as 'All Defendants,' in nearly every allegation of causes of actions."  (ECF No. 118 at 4, 7).

After review of the motion, the opposition and the First Amended Complaint, the Court finds that the allegations of the First Amended Complaint related to Jacobus "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81 ("[Plaintiff] pleads that [defendants] 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'  The complaint alleges that [defendant] Ashcroft was the 'principal architect' of this invidious policy, and that [defendant] Mueller was 'instrumental' in adopting and executing it.  These bare assertions ... amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim....  As such, the allegations are conclusory and not entitled to be assumed true.") (quoting *Twombly*, 550 U.S. at 555).  To the extent the First Amended Complaint alleges Jacobus is liable for a claim of conspiracy pursuant to 42 U.S.C. § 1985(3), that claim is dismissed for the reasons discussed in the January 28, 2014 Order (ECF No. 33 at 5-7). *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002) ("To bring a cause of action successfully under § 1985(3), a plaintiff must demonstrate a deprivation of a right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory

animus behind the conspirators' action.") (quotation omitted); *see also United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 837 (1983) (§ 1985(3) was not "intended to reach conspiracies motivated by bias towards others on account of their *economic* views, status, or activities"); *Perez-Sanchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 108-09 (1st Cir. 2008) (a majority of courts that have considered the issue have held that "§ 1985(3) provides no remedy for animus on the basis of political beliefs") (collecting cases). The Motion to Dismiss filed by Jacobus is granted.

### C.   Gordon Pettus

Defendant Gordon Pettus moves for the dismissal of all claims against him in the First Amended Complaint pursuant to Rule 12(b)(6). (ECF No. 120). Plaintiff opposes the Motion to Dismiss, contending that Pettus is in default and the First Amended Complaint adequately states a claim against Pettus. (ECF No. 127).

#### 1.   Default

On February 18, 2014, Plaintiff filed a proof of service as to Pettus. (ECF No. 43). On April 25, 2014, Pettus filed the Motion to Dismiss. (ECF No. 120). On May 13, 2014, Plaintiff filed a request for entry of default as to Pettus. (ECF No. 124). On May 15, 2014, the Clerk of the Court entered default as to Pettus. (ECF No. 128).

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Courts have held that the filing of an untimely motion to dismiss constitutes defending an action within the meaning of Rule 55(a), and the clerk should not enter default when the request is made after the filing of the motion to dismiss. *See Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (collecting cases); *see also Tweh v. Green*, No. GLR-12-2360, 2013 WL 6259863, at *2 (D. Md. Dec. 2, 2013) (same). The Court will apply this rule in this case, in light of the general rule that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers.*

*Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). This is particularly true in light of the absence of any showing of prejudice to Plaintiff in setting aside the entry of default. *Cf. id*. at 1095 ("To be prejudicial, the setting aside of a [default] judgment must result in greater harm than simply delaying resolution of the case.") (quotation omitted). Accordingly, the Court finds good cause to set aside the entry of default against Pettus pursuant to Federal Rule of Civil Procedure 55(c).

### 2.     Motion to Dismiss

The sole specific reference to Pettus in the First Amended Complaint is the reference to the "owner" of "5076 Saratoga Ave.," the "ex-Duke Cunninghamesque 'Naval Fighter Pilot' Gordon Pettus."[3]  (ECF No. 102 at 31; *see also* ECF No. 21 at 31 (same)). For the reasons the Court granted the Motion to Dismiss filed by Jacobus, the Motion to Dismiss filed by Pettus is granted.

### D.     Jeffrey Foshag

Jeffrey Foshag, proceeding pro se, moves for the dismissal of all claims against him in the First Amended Complaint pursuant to Rule 12(b)(6).  (ECF No. 107).  The docket reflects that Plaintiff has not filed an opposition to Foshag's Motion to Dismiss.

Foshag is not named in the First Amended Complaint, and Foshag asserts that the sole allusion to Foshag in the First Amended Complaint is "probably all other present occupants of 5076 Saratoga Ave."[4]  (ECF No. 102 at 31; *see also* ECF No. 21 at 31 (same)). For the reasons the Court granted the Motion to Dismiss filed by Jacobus, and pursuant to Civil Local Rule 7.1(f)(3)(c), the Motion to Dismiss filed by Foshag is granted.

### E.     City Defendants

The City Defendants filed a Motion to Dismiss the March 14, 2014 version of the First Amended Complaint (which, as discussed above, is identical to the October 21,

---

[3]  The full quote from the First Amended Complaint is set out above during the discussion of the Motion to Dismiss filed by Jacobus.

[4]  The full quote from the First Amended Complaint is set out above during the discussion of the Motion to Dismiss filed by Jacobus.

2013 version of the First Amended Complaint, except for two exhibits). (ECF No. 110 (Motion to Dismiss); ECF No. 102 (March 14, 2014 First Amended Complaint); ECF No. 21 (October 21, 2013 First Amended Complaint)). The City Defendants seek to dismiss the same causes of action they sought to dismiss in their Motion to Dismiss the first version of the First Amended Complaint, and the City Defendants additionally request that the Court strike as immaterial the second exhibit of the October 21, 2013 version of the First Amended Complaint. The docket reflects that Plaintiff has not filed an opposition to the City Defendants' pending Motion to Dismiss.

For the reasons stated in the January 28, 2014 Order granting the City Defendants' prior Motion to Dismiss the First Amended Complaint, and pursuant to Civil Local Rule 7.1(f)(3)(c), the pending Motion to Dismiss filed by the City Defendants is granted. The City Defendants' request to strike the second exhibit to the First Amended Complaint is denied without prejudice to renew the objection to the exhibit at a later date. The claims against the City Defendants which were listed as pending in the January 28, 2014 Order (*see* ECF No. 33 at 22-23) remain pending. The Answer filed by the City Defendants on February 10, 2014 (ECF No. 34) is construed as the City Defendants' Answer to the March 14, 2014 First Amended Complaint.

### F.    Federal Defendants

The U.S. Department of Homeland Security, Federal Protective Service, DHS Office State & Local Law Enforcement, U.S. Justice Department, the Federal Bureau of Investigation, the FBI Joint Terrorism Task Force, Counter Terrorism Information Center, the Central Intelligence Agency, the Drug Enforcement Administration, US Military, Border Patrol, the Navy, other Armed Military Services, and U.S. Government Intelligence Offices & Officers in San Diego (collectively "Federal Defendants") move to dismiss all claims against them in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction) and Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim). (ECF No. 119). Plaintiff opposes the Motion to Dismiss. (ECF No. 121).

The United States, as a sovereign, is immune from suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "It is axiomatic that Congressional waiver of sovereign immunity is a prerequisite to any suit brought against the United States." *Roberts v. United States*, 498 F.2d 520, 525 (9th Cir. 1974). The United States "may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). A waiver of sovereign immunity as contained in any statute "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity." *Baker*, 817 F.2d at 562.

With respect to causes of action 1, 2, 9 and 12, which allege claims pursuant to 42 U.S.C. §§ 1983 and 1985, "§§ 1983 and 1985 impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of these provisions." *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) (citations omitted). The First Amended Complaint fails to identify specific, individual federal agents who might be subject to suit pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Cf. F.D.I.C. v. Meyer*, 510 U.S. 471, 484-87 (1994) (holding that a *Bivens* cause of action may not be brought against a federal agency). The First Amended Complaint also fails to allege in a non-conclusory manner how any individual federal agents violated Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 680-81; *see also Moss*, 572 F.3d at 969-72; *Kwai Fun Wong v. United States*, 373 F.3d 952, 966-67 (9th Cir. 2004). Plaintiff has failed to show an unequivocal waiver of immunity as to causes of action 1, 2, 9 and 12 against the federal agencies listed in the First Amended Complaint, and to the extent these claims are being made against individual federal agents, they are dismissed pursuant to Rule 12(b)(6).

With respect to Plaintiff's remaining causes of action, alleging claims pursuant to state law (causes of action 3-8 and 10-12), Plaintiff's suit may be maintained only pursuant to the Federal Tort Claims Act ("FCTA"). *See F.D.I.C. v. Craft*, 157 F.3d 697,

706 (9th Cir. 1988) ("The FTCA is the exclusive remedy for tortious conduct by the United States....") (citations omitted).  The filing of an administrative claim with the appropriate federal agency pursuant to 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to filing an FTCA lawsuit.  *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000).  "Because the requirement is jurisdictional, it must be strictly adhered to."  *Id.* (quotation omitted).  Plaintiff bears the burden of affirmatively alleging compliance with the FTCA's administrative exhaustion requirement.  *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.  A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite.") (citation omitted).

Plaintiff fails to allege in the First Amended Complaint, or in his opposition to the Motion to Dismiss, that he complied with the administrative exhaustion requirement of the FTCA.  Accordingly, all state law causes of action must be dismissed pursuant to Rule 12(b)(1).  The Motion to Dismiss the Federal Defendants is granted.

**V.     Conclusion**

IT IS HEREBY ORDERED that Plaintiff's motion to file exhibits in support of the Motion for Reconsideration is granted, and Plaintiff's Motion for Reconsideration is denied.  (ECF Nos. 85, 97).

IT IS FURTHER ORDERED that Plaintiff's motions to supplement the First Amended Complaint are granted, as discussed above.  (ECF Nos. 103, 104, 109).  Any further amendment or supplement to the operative pleading must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading, which shall be entitled "Second Amended Complaint."

IT IS FURTHER ORDERED that the Motions to Dismiss filed by Jacobus, Pettus, Foshag, the City Defendants, and the Federal Defendants are granted, as discussed above.  (ECF Nos. 93, 107, 110, 119, 120).  All claims dismissed by this Order are dismissed without prejudice.  The default entered against Pettus is set aside.

(ECF No. 128).

DATED:  June 30, 2014

**WILLIAM Q. HAYES**
United States District Judge