# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY,<br><br>                    Plaintiff,<br>  vs.<br>CITY OF SAN DIEGO, *et al.*,<br><br>                    Defendants. | CASE NO. 13cv248-WQH-JLB<br><br>ORDER |

HAYES, Judge:

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Rule 4(b) requires that "the clerk must sign, seal, and issue" the summons for service. *See* Fed. R. Civ. P. 4(b); *see also Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568-69 (3d Cir. 1996) ("The issuance of a summons signed by the Clerk, with the seal of the Court, ... are essential elements of the court's personal jurisdiction over the defendant.... The parties cannot waive a void summons."); *Bowen v. Post Master Gen.*, No. 1:14-CV-59-AWI, 2014 WL 1270546, at *5 (E.D. Cal. Mar. 26, 2014) ("The summons served by Plaintiff was not issued by the Court and is neither signed by the Clerk of the Court nor bears the Court's seal as required under Rule 4. As such, Plaintiff has not substantially complied with Rule 4 service requirements."); *McClain v. 1st Sec. Bank of Wash.*, No. 2:13-CV-2277-RSM, 2014 WL 556042, at *1 (W.D. Wash. Feb. 12, 2014) ("To comply with Federal Rule

of Civil Procedure 4, a plaintiff must serve all defendants with a summons that is both signed by the clerk and bears the Court's seal.").

IT IS HEREBY ORDERED that the summonses attached to the proofs of service filed by Plaintiff at ECF Nos. 37-41 and 205-227 do not bear the signature of the Clerk or the Court's seal, and accordingly those proofs of service are stricken. The proofs of service filed by Plaintiff at ECF Nos. 42-75, 78, 80, 82 and 84 do not contain a copy of the summonses or any indication that the summonses which were served bore the signature of the Clerk and the Court's seal, and accordingly those proofs of service are stricken.

IT IS FURTHER ORDERED that the Clerk's entries of default based upon the stricken proofs of service are set aside for good cause pursuant to Federal Rule of Civil Procedure 55(c). (ECF Nos. 150-163). The Motion to Set Aside Default as to U.S. Security Associates, Inc. is denied as moot. (ECF Nos. 182, 183).

IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion for Clarification (ECF No. 201) is granted as follows and otherwise denied. The sole operative summons is the Summons issued on the First Amended Complaint (ECF No. 25), which is only operative as to the Defendants specifically named in the Summons issued on the First Amended Complaint, *see id.* at 3. Although Plaintiff is registered for electronic filing and has electronic access to all filings, the Clerk of the Court shall mail Plaintiff a copy of the Summons issued on the First Amended Complaint. If Plaintiff believes the operative summons contains an error, or requests the issuance of an amended summons, Plaintiff may file a motion to that effect. If Plaintiff wishes to name new defendants who were not specifically named as Defendants in the First Amended Complaint, Plaintiff must file a motion for leave to amend the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15, accompanied by a copy of the proposed amended pleading, which shall be entitled "Second Amended Complaint." Plaintiff is granted an extension of time of 120 days from the date this Order is filed to serve all unserved Defendants named in the First Amended Complaint. No later than

120 days from the date this Order is filed, Plaintiff shall file proof that service of the operative Summons and First Amended Complaint was effectuated upon all currently-unserved Defendants. If Plaintiff fails to comply with this Order, the Court will dismiss any unserved Defendant(s) without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

DATED: July 2, 2014

**WILLIAM Q. HAYES**
United States District Judge