# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY,<br><br>                          Plaintiff,<br>  vs.<br>CITY OF SAN DIEGO, *et al.*,<br><br>                         Defendants. | CASE NO. 13cv248-WQH-JLB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are (1) the Motions for Reconsideration, filed by Plaintiff (ECF Nos. 251, 253, 255); (2) the Motion to Sever and Dismiss Moving Defendant and All Other Improperly Joined Defendants, filed by Defendant Pinkerton Governmental Services, Inc. ("PGS") (ECF No. 248-5); (3) the Motion to Declare Plaintiff a Vexatious Litigant, filed by PGS (ECF No. 248-6); (4) the Motion to Set Aside Default, filed by PGS (ECF No. 248); (5) the Motions to Quash Service of Process, filed by PGS, SAIC USA, Inc., Gordon L. Pettus and Gail Pettus (ECF Nos. 195, 248-2, 263); and (6) the Motions to Dismiss the First Amended Complaint, filed by numerous Defendants (ECF Nos. 190, 191, 195, 200, 231, 239, 245, 248-4, 259).

## I. Background

On January 30, 2013, Plaintiff John B. Kenney, proceeding *pro se*, filed a Complaint in this Court. (ECF No. 1). On September 20, 2013, the Court granted in part and denied in part the motion to dismiss the Complaint filed by Defendants City

1 of San Diego ("City"), San Diego Police Department ("SDPD"), William Lansdowne, Jerry Sanders, Scott Thompson, Kaseyelee Lawrence, David Stum, and Jan Goldsmith (collectively, "City Defendants"). (ECF No. 20). In the same Order, the Court granted the motion to dismiss filed by the San Diego Sheriff's Department ("Sheriff's Department"). *Id*.

On October 21, 2013, Plaintiff filed a First Amended Complaint, which is the operative pleading. (ECF No. 21). On January 28, 2014, the Court granted the motions to dismiss portions of the First Amended Complaint filed by the City Defendants and the Sheriff's Department. (ECF No. 33). In the January 28, 2014 Order, the Court listed the nine causes of action against certain City Defendants which were not dismissed. *See id*. at 22-23.

On June 30, 2014, the Court issued an Order which dismissed claims against certain Defendants without prejudice and stated, "[a]ny further amendment or supplement to the operative pleading must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading, which shall be entitled 'Second Amended Complaint.'" (ECF No. 228 at 11).

On July 2, 2014, the Court issued an Order striking certain proofs of service for failure to comply with Federal Rule of Civil Procedure 4(b), ordering the Clerk to mail Plaintiff a copy of the Summons issued on the First Amended Complaint, and granting Plaintiff an extension of time of 120 days to effectuate service on all unserved Defendants properly-named Defendants in the First Amended Complaint. (ECF No. 230). In the July 2, 2014 Order, the Court set aside the Clerk's entries of default based upon the stricken proofs of service pursuant to Federal Rule of Civil Procedure 55(c).

On July 21, 2014, the Court issued an Order striking certain proofs of service for failure to comply with Federal Rule of Civil Procedure 4(b), and granting Plaintiff an extension of time of 90 days to file a motion for leave to amend the First Amended Complaint. (ECF No. 246).

The Court presumes familiarity with the Orders and filings in this action.

## II. Motions for Reconsideration

Plaintiff requests that the Court reconsider and/or clarify the rulings in the June 30, 2014, July 2, 2014, and July 21, 2014 Orders. (ECF Nos. 251, 253, 255). Plaintiff contends that the Court erroneously dismissed certain Defendants and denied Plaintiff leave to amend the First Amended Complaint. Plaintiff contends that the Court erroneously struck proofs of service, when service was properly effectuated.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quotation omitted).

After review of the Motions for Reconsideration and the prior Orders issued in this case, the Court concludes that Plaintiff does not present the Court with newly discovered evidence, does not establish that the Court committed clear error, and does not establish an intervening change in the law. Accordingly, the Motions for Reconsideration are denied.

As stated in the June 30, 2014, July 2, 2014, and July 21, 2014 Orders, any further amendment the First Amended Complaint must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading, which shall be entitled "Second Amended Complaint." Any amended pleading must be complete in itself without reference to any prior pleading. *See* S.D. Cal. Civ. L.R. 15.1. If any such motion for leave to amend is properly filed, and after it is fully briefed, the Court will issue a ruling on whether to allow Plaintiff leave to amend the First Amended Complaint.

Plaintiff requests that the Court place all pending motions by Defendants "on hold" pending Plaintiff filing a motion for leave to amend the First Amended

1  Complaint. (ECF No. 256 at 1). The docket reflects that no motion for leave to amend
2  the First Amended Complaint has been filed. Numerous claims against various City
3  Defendants have not been dismissed, and the remaining City Defendants have filed an
4  Answer to the First Amended Complaint. (ECF No. 34). Plaintiff is not required to file
5  a motion for leave to amend the First Amended Complaint, and may opt to proceed
6  against the remaining Defendants. Accordingly, at this time, the Court declines to place
7  any pending motions by Defendants "on hold."

**III.  Motion to Sever and Dismiss Moving Defendant and All Other Improperly Joined Defendants**

PGS moves for an order dismissing all improperly joined Defendants from the case. PGS contends that the City Defendants are the only Defendants "which appear[] to have some facts alleged against it" in the First Amended Complaint, and all other Defendants "should be severed and dismissed from the instant lawsuit." (ECF No. 248-5 at 5). Plaintiff opposes the motion. Plaintiff contends that the allegations related to all Defendants are sufficiently related to be joined in a single action. Plaintiff contends that all Defendants' "actions were as co-conspirators motivated to target, damage and defame Plaintiff Kenney." (ECF No. 266 at 5).

Federal Rule of Civil Procedure 20 states:

Persons ... may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (quotation omitted). The second prong of the Rule 20(a) test for permissive joinder, "common questions of law or fact," is not satisfied when a court may apply different legal standards to different categories of parties and each party "presents a different factual situation," such that "each must receive personalized

attention ... by the Court." *Id.* at 1351. "Even once these requirements are met, a district court must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quotation omitted).

"If the test for permissive joinder [pursuant to Rule 20(a)] is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Id.* at 1350 (citing Fed. R. Civ. P. 21) (quotation omitted). Federal Rule of Civil Procedure 21 states: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable ... party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). Prior to dismissing a party pursuant to Rule 21, a court should consider whether the dismissal of the party will prejudice any of the parties in the litigation. *See id.* at 838. A court should also consider whether "the interests of justice are ... served by joinder of the [parties] in this case. Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin*, 130 F.3d at 1351 (citation omitted).

Although it is difficult to discern the actual number of Defendants purportedly named in the First Amended Complaint, there are approximately 84 Defendants specifically named in the caption. The caption additionally names "all of the individual agents and Defendants as articulated throughout [an] entire section" of the First Amended Complaint. (ECF No. 21 at 1). This section of the First Amended Complaint contains allegations such as, "I sue the City of Las Vegas, LVPD and Adelson and all of the private companies, corporations and for-hire security geeks in association with the drone industry who oppress me and violate my civil rights for defamation, invasion of privacy, interference and other civil rights violations, as well as other causes of action as they are discovered." *Id.* at 33. The caption of the First Amended Complaint additionally names many groups of Defendants, such as "state and local police

agencies," "Armed Military Services, Private or U.S. Gov't," and "probably all ... present occupants" of an apartment building located at "5076 Saratoga Ave." *Id.* at 1-2.

In the Orders filed on September 20, 2013, January 28, 2014, and June 30, 2014, the Court addressed the issue of whether the allegations of the First Amended Complaint complies with the applicable pleading standards in the context of motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 20, 33, 228).[1] The Court has denied in part the motion to dismiss the claims against the City Defendants, and all remaining City Defendants have filed an Answer to the First Amended Complaint. (ECF Nos. 20, 34). With respect to the allegations against other Defendants, including the conspiracy allegations, the Court repeatedly has found the allegations of the First Amended Complaint to be conclusory and not entitled to be assumed true. *See* ECF Nos. 20 at 23, 33 at 21, 228 at 6, 10; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, the Court finds that the allegations that "ALL Defendants are co-conspirator[s], intent upon, or joining in harassing the Plaintiff," ECF No. 21 at 35, are insufficient to plausibly allege that the claims against all the disparate non-City Defendants named in the First Amended Complaint arise out of the same transactions or occurrences, or involve common questions of fact or law, as those against the remaining City Defendants. The Court finds that the First Amended Complaint fails to adequately allege that the claims against the non-City Defendants satisfy the permissive joinder standard of Federal Rule of Civil Procedure 20(a)(2).[2]

The Court finds that, based upon the allegations of the First Amended Complaint and the other filings in this action, dismissal pursuant to Federal Rule of Civil

---

[1] The September 20, 2013 Order addressed the allegations in the original Complaint, but the First Amended Complaint contains substantially the same allegations.

[2] The Court also finds that the First Amended Complaint fails to adequately allege that the claims against the non-City Defendants satisfy the required joinder standard of Federal Rule of Civil Procedure 19.

Procedure 21 of all Defendants other than the City Defendants will not prejudice any party or substantial right. The dismissal would be without prejudice to Plaintiff instituting a separate suit against any of the dismissed Defendants in an appropriate forum. Conversely, if the Court did not dismiss all remaining non-City Defendants, the City Defendants would be prejudiced by having the adjudication of the allegations against them substantially delayed by the presence of numerous other Defendants with no apparent or plausible connection to the City Defendants. From what may be discerned from the properly-pled allegations of the First Amended Complaint, the claims against each Defendant or group of Defendants raise potentially different issues and must be viewed in a separate and individual light by the Court. Trial efficiency would not be promoted by allowing all named Defendants to proceed in a single action. *See Coughlin*, 130 F.3d at 1351 (same, affirming the dismissal without prejudice of parties pursuant to Rule 21). In addition, there would be a strong "possibility of factual and legal confusion on the part of the jury." *Coleman*, 232 F.3d at 1297 (affirming the severance of parties pursuant to Rule 20). The Court finds that joinder of all named Defendants would not "comport with the principles of fundamental fairness" and "would result in prejudice" to the named Defendants. *Id.* at 1296.

Accordingly, the Motion to Sever and Dismiss Moving Defendant and All Other Improperly Joined Defendants (ECF No. 248-5) is granted. All remaining Defendants, other than the City Defendants, are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 21. If Plaintiff elects to file a motion for leave to amend the First Amended Complaint, the proposed second amended complaint must satisfy all applicable rules, including Federal Rule of Civil Procedure 20.

**IV.   Motion to Declare Plaintiff a Vexatious Litigant**

PGS moves for an order pursuant to 28 U.S.C. § 1651 deeming Plaintiff a vexatious litigant, dismissing the First Amended Complaint in its entirety, prohibiting Plaintiff from pursuing litigation or filing any further complaints without leave of Court, and requiring Plaintiff to post security in sufficient amount to cover the

attorneys' fees and costs of all defendants. (ECF No. 248-6). PGS contends that "Plaintiff has a distinguished history of filing lawsuits against numerous individuals, particularly allegations based on rambling facts and incoherent claims of civil rights violations." (ECF No. 248-7 at 5). PGS lists nine cases filed by Plaintiff in other courts which PGS asserts were resolved in defendants' favor. Plaintiff opposes the motion. Plaintiff contends that this case is meritorious, and it would be inappropriate to declare him a vexatious litigant. Plaintiff contends that PGS's motion is "vexatious," "frivolous" and contains "falsehoods". (ECF No. 260 at 3, 6).

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances.'" *Ringgold-Lockhart v. Cnty. of Los Angeles*, --- F.3d ---, 2014 WL 3805579, at *2 (9th Cir. Aug. 4, 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy litigation histories is one such restriction that courts may impose." *Id.* (quotation omitted). However, "pre-filing orders [pursuant to § 1651] are an extreme remedy that should rarely be used. Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citation omitted). A court ordering a pre-filing restriction pursuant to § 1651 must do the following: "(1) give litigants notice and an opportunity to oppose the order before it is entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered." *Ringgold-Lockhart*, 2014 WL 3805579 at *2 (quotation omitted). The court should consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by

> counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.*, 2014 WL 3805579, at *3 (quotation omitted).

After review of the motion, all other filings in this action, and the legal standard, the Court declines to enter an order deeming Plaintiff a vexatious litigant, dismissing the First Amended Complaint in its entirety, prohibiting Plaintiff from pursuing litigation without leave of Court, and requiring Plaintiff to post security. The Motion to Declare Plaintiff a Vexatious Litigant is denied. (ECF No. 248-6).

## V. Remaining Motions

PGS moves to set aside the Clerk's entry of default against it, *see* ECF No. 150, entered on May 19, 2014. (ECF No. 248). PGS, SAIC USA, Inc., Gordon L. Pettus and Gail Pettus move to quash service of process as to them, *see* ECF Nos. 43, 46, 53. (ECF Nos. 195, 248-2, 263). On July 2, 2014, the Court issued an Order setting aside the Clerk's entry of default against PGS, and striking the proofs of service as to PGS, SAIC USA, Inc., Gordon L. Pettus and Gail Pettus. *See* ECF No. 230 at 2. Accordingly, the Motion to Set Aside Default and the Motions to Quash Service of Process are denied as moot. (ECF Nos. 195, 248, 248-2, 263).

The following Defendants have filed pending Motions to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12: Bank of America, N.A. (ECF No. 190); General Atomics (ECF No. 191); SAIC USA, Inc. (ECF No. 195); Leidos, Inc and Science Applications International Corporation (ECF No. 200); Tyco Corp. (ECF No. 231); U.S. Security Associates, Inc. (ECF No. 239); Raymond Lutz (ECF No. 245); PGS (ECF No. 248-4); and GEO Group, Inc. (ECF No. 259). All Defendants who have filed pending Motions to Dismiss have been dismissed pursuant to Federal Rule of Civil Procedure 21, as discussed above. Accordingly, all pending Motions to Dismiss are denied as moot.

## VI. Conclusion

IT IS HEREBY ORDERED that the Motions for Reconsideration are DENIED.

1  (ECF Nos. 251, 253, 255).

2  IT IS FURTHER ORDERED that the Motion to Sever and Dismiss Moving
3  Defendant and All Other Improperly Joined Defendants (ECF No. 248-5) is
4  GRANTED.  All remaining Defendants, other than the City Defendants, are dismissed
5  without prejudice pursuant to Federal Rule of Civil Procedure 21.

6  IT IS FURTHER ORDERED that the Motion to Declare Plaintiff a Vexatious
7  Litigant is DENIED, and the Motion to Set Aside Default, Motions to Quash Service
8  of Process, and Motions to Dismiss the First Amended Complaint are DENIED as moot.
9  (ECF Nos. 190, 191, 195, 200, 231, 239, 245, 248, 248-2, 248-4, 248-6, 259, 263).

10  The sole claims and Defendants remaining in this action are as follows: first
11  cause of action for violation of civil rights under 42 U.S.C. § 1983 against Thompson,
12  Lawrence and Stum; second cause of action for unlawful policies, customs or habits
13  under 42 U.S.C. § 1983 against the City and the SDPD; third cause of action for
14  negligence against the City, the SDPD, Thompson, Lawrence and Stum for incidents
15  alleged in the First Amended Complaint other than the October 14, 2011, November 2,
16  2011, and December 9-10, 2011 incidents; fourth cause of action for assault against the
17  City and the SDPD for incidents alleged in the First Amended Complaint other than the
18  October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; fifth cause
19  of action for battery against the City and the SDPD for incidents alleged in the First
20  Amended Complaint other than the October 14, 2011, November 2, 2011, and
21  December 9-10, 2011 incidents; sixth cause of action for false arrest/detention – undue
22  delay and malicious prosecution against the City, the SDPD, Thompson, Lawrence and
23  Stum for incidents alleged in the First Amended Complaint other than the October 14,
24  2011, November 2, 2011, and December 9-10, 2011 incidents; seventh cause of action
25  for negligent and/or intentional infliction of emotional distress against the City, the
26  SDPD, Thompson, Lawrence and Stum for incidents alleged in the First Amended
27  Complaint other than the October 14, 2011, November 2, 2011, and December 9-10,
28  2011 incidents; eighth cause of action for violation of civil rights under California Civil

Code §§ 51 & 52 against the City, the SDPD, Thompson, Lawrence and Stum for incidents alleged in the First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; twelfth cause of action for state law invasion of privacy against the City, the SDPD, Thompson, Lawrence and Stum for incidents alleged in the First Amended Complaint other than the October 14, 2011, November 2, 2011, and December 9-10, 2011 incidents; and twelfth cause of action for federal law invasion of privacy against the City, the SDPD, Thompson, Lawrence and Stum. *See* Jan. 28, 2014 Order, ECF No. 33.

Any further amendment the First Amended Complaint must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading, which shall be entitled "Second Amended Complaint." Any amended pleading must be complete in itself without reference to any prior pleading. *See* S.D. Cal. Civ. L.R. 15.1.

This case is referred to the Magistrate Judge for early neutral evaluation conference and/or case management conference.

DATED: September 25, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge