# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY,<br><br>                          Plaintiff,<br>  vs.<br>THE CITY OF SAN DIEGO & FEDERAL & PRIVATE CONTRACTOR INTELLIGENCE COMMUNITY AND SECURITY POLICE - STATE INDUSTRIAL COMPLEX CONSPIRATORS, SAN DIEGO POLICE DEP'T, (SDPD)..., et al.,<br><br>                          Defendants. | CASE NO. 13cv248 WQH (JLB)<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are Plaintiff's Motion for Leave to Amend the First Amended Complaint (ECF No. 320) and Plaintiff's "Ex Parte Motion to Substitute 'Doe' Defendants & Motion for Clarification on Whether These Substitutions May Supersede & Replace His Motion To Amend The First Amended Complaint" (ECF No. 321).

**Background**

      On January 30, 2013, Plaintiff John B. Kenney, proceeding *pro se*, filed a Complaint in this Court. (ECF No. 1). On September 20, 2013, the Court granted in part and denied in part the motion to dismiss the Complaint filed by Defendants City

of San Diego ("City"), San Diego Police Department ("SDPD"), William Lansdowne, Jerry Sanders, Scott Thompson, Kaseyelee Lawrence, David Stum, and Jan Goldsmith (collectively, "City Defendants"). (ECF No. 20). In the same Order, the Court granted the motion to dismiss filed by the San Diego Sheriff's Department ("Sheriff's Department"). *Id*.

On October 21, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 21). On January 28, 2014, the Court granted the motions to dismiss portions of the First Amended Complaint filed by the City Defendants and the Sheriff's Department. (ECF No. 33). In the January 28, 2014 Order, the Court listed nine causes of action against certain City Defendants which were not dismissed. *See id*. at 22-23.

On June 30, 2014, the Court issued an Order which dismissed claims against certain Defendants without prejudice and stated, "[a]ny further amendment or supplement to the operative pleading must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading, which shall be entitled 'Second Amended Complaint.'" (ECF No. 228 at 11).

On July 21, 2014, the Court issued an Order granting Plaintiff an extension of time of 90 days to file a motion for leave to amend the First Amended Complaint. (ECF No. 246).

On October 20, 2014, Plaintiff filed an amended complaint which was stricken by the Court on October 21, 2014 because the court had not granted leave to file the amended complaint. (ECF No. 286). The Court stated "Per Order, [ECF No. 279], '[a]ny further amendment [to] the First Amended Complaint must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading....'" *Id*.

On October 27, 2014, Plaintiff filed an Ex Parte Motion for Leave to Amend the First Amended Complaint. (ECF No. 287). On January 15, 2015, the Court issued an Order denying Plaintiff's Ex Parte Motion for Leave to Amend (ECF No. 287), because "[t]his Court has previously ruled on the matters presented in the FAC" and "Plaintiff

1  has not shown good cause to support the filing of the proposed SAC in this case." (ECF
2  No. 294).

3  On July 17, 2015, Plaintiff filed the Motion for Leave to Amend (ECF No. 20)
4  and the "Ex Parte Motion to Substitute 'Doe' Defendants & Motion for Clarification
5  on Whether These Substitutions May Supersede & Replace His Motion To Amend The
6  First Amended Complaint" (ECF No. 321). On July 20, 2015, Defendants City of San
7  Diego, San Diego Police Department, Scott Thompson, KaseyLee Lawrence, and David
8  Stum filed a response in opposition to the "Ex Parte Motion to Substitute 'Doe'
9  Defendants & Motion for Clarification on Whether These Substitutions May Supersede
10 & Replace His Motion To Amend The First Amended Complaint." (ECF No. 322). On
11 August 10, 2015, the same Defendants filed a response in opposition to Plaintiff's
12 Motion for Leave to Amend. (ECF No. 328).

**I.     Plaintiff's Motions**

Plaintiff moves this court to amend his complaint "to clarify the following SDPD ... officers: David Mitchell, ... Matt Koerber, ...Kevin Armentano, ... Steven Eraca, ... James Milano, ... Rodolphe Sinte-Agathe, ... Craig Shumate, ... Daniel Dierdorff, ... as well as Erik Valdez...." (ECF No. 320-1 at 2). Plaintiff requests this Court "grant his Motion to Substitute Defendants in lieu of Motion to Amend, and Substitute these names for previous "doe" Defendants." (ECF No. 321 at 7). Plaintiff requests that he "be permitted to submit these Substitutions for "Doe" Defendants: SDPD ... officers: David Mitchell, ... Matt Koerber, ...Kevin Armentano, ... Steven Eraca, ... James Milano, ... Rodolphe Sinte-Agathe, ... Craig Shumate, ... Daniel Dierdorff, ... as well as Erik Valdez...." (ECF No. 321 at 1-2). "All of these newly-Discovered names pertain to the incidents already alleged in FAC on 10/14/2011, except for Daniel Dierdorff, who has been named as involved with the 3/24/3012 incident, also already alleged in FAC. None of the "facts" or allegations are changed in any other way, other than to add, amend &/or substitute or replace these names where before Plaintiff knew no names, but Defendants have know –and withheld- since they were properly & timely noticed

1 in CLERB complaints in late 2011, or early 2012." *Id*. "Moreover, through the
2 Discovery process it has become apparent, that just as he has so stated in his allegations,
3 the Federal Bureau of Investigation (The FBI) was indeed working in conspiracy with
4 COSD & SDPD, among others, to target, slander & harass Plaintiff. Ergo, Plaintiff
5 respectfully motions this Court to have said FBI Defendants added back on as
6 Defendants in instant case." *Id*.

**Contentions**

Plaintiff contends that he has good cause and has been diligently pursuing discovery pursuant to the federal rules of civil procedure. Plaintiff contends that "he can now more accurately ascertain which of these newly identified defendants were involved." (ECF No. 321 at 4). Plaintiff contends that Defendants will not suffer undue prejudice because "[a]ll allegations and explanations of the various incidents remain exactly as they were in the original, only recently, and long delayed, Discovered names will be "amended" &/or "substituted" for mistakenly misunderstood police officers before." *Id*. at 6. Plaintiff contends that "[t]he newly-Discovered, thus newly-named []Defendants do nothing to disturb the original 'facts' & allegations in the FAC, and their names are already well-known to Defendants and in their possession." *Id*.

Defendants contend that Plaintiff's improperly noticed and untimely Ex Parte Motion should be denied. Defendants contend that Plaintiff unduly delayed in seeking to amend his complaint or substitute Doe defendants. Defendants contend that the proposed new defendants were first identified to Plaintiff as witnesses in the City's Initial Rule 26 Disclosure on November 7, 2014, over eight months ago. Defendants contend that the proposed new defendants were again identified to Plaintiff in a letter dated March 6, 2015, over four months ago. Defendants contend that Plaintiff has had this information for many months, but failed to explain why he waited until after the close of discovery and a few weeks before pre-trial motions are due to file this motion. Defendants contend that Plaintiff has failed to establish any good cause to excuse his

1  undue delay in this matter, and this motion should be denied.  Defendants contend that
2  Plaintiff's proposed second amended complaint does not correct any of the deficiencies
3  in the earlier versions of the complaint, asserts the very same causes of action that were
4  earlier dismissed, and provides no new factual allegations that would justify their
5  reassertion. Defendants contend that Plaintiff continues to plead the same allegations
6  that the Court previously struck and previously dismissed, as well as the same parties
7  the Court previously dismissed for improper joinder.  Defendants further contend that
8  the proposed new defendants would suffer extreme prejudice should they be added to
9  this case at this late stage.  Defendants contend that discovery closed on July 13, 2015
10 and the proposed defendants would be precluded from participating in discovery.
11 Defendants contend that the proposed defendants "would essentially be precluded from
12 filing any pre-trial motions that could resolve some or all of the issues and claims
13 against them, as those motions are due on August 14, 2015." (ECF No. 322 at 12).

**IV.   Discussion**

Motions for leave to amend are governed by Rule 15.  Motions to amend a complaint to substitute a named defendant for a Doe defendant are also governed by Rule 15. *See Butler v. Robar Enterprises, Inc.*, 208 F.R.D. 621, 622 (C.D. Cal. 2002) ("Butler references both Rule 15 and Federal Rules of Civil Procedure, Rule 21.... However, motions to amend a complaint to substitute a named defendant for a Doe defendant are governed by Rule 15."). Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Not all of the [*Foman*] factors merit equal weight.... [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or

a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Plaintiff seeks to substitute "SDPD ... officers: David Mitchell, ... Matt Koerber, ...Kevin Armentano, ... Steven Eraca, ... James Milano, ... Rodolphe Sinte-Agathe, ... Craig Shumate, ... Daniel Dierdorff, ... as well as Erik Valdez." (ECF No. 321 at 1). Plaintiff asserts that "[a]ll of these newly-Discovered names pertain to the incidents already alleged in FAC on 10/14/2011, except for Daniel Dierdorff, who has been named as involved with the 3/24/3012 incident, also already alleged in FAC." *Id.* at 2. The Court dismissed Plaintiff's claims relating to the October, 14, 2011 incident as time-barred because Plaintiff failed to file suit within six months after the administrative denial of his claims. *See* ECF No. 33. Furthermore, Plaintiff has failed to establish any connection between Daniel Dierdorff and the alleged incidents that took place on March 24, 2011. The Court finds that substituting the newly discovered Defendants for the Doe Defendants would be futile.

The Court further finds that it is not in the interest of justice to allow filing of a second amended complaint at this late stage in the pleading in order to add the newly discovered defendants. Discovery closed on July 13, 2015, and the date by which to file any pretrial motions has passed. *See* ECF No. 297. Defendants have made a sufficiently strong showing of the *Foman* factors to overcome the presumption in favor of granting leave to amend under Rule 15(a). After considering the motions and Defendants' oppositions, Plaintiff's Motion for Leave to the second amended complaint and ex parte motion to substitute Doe Defendants are denied.

///

**Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend the First Amended Complaint (ECF No. 320) and Plaintiff's "Ex Parte Motion to Substitute 'Doe' Defendants & Motion for Clarification on Whether These Substitutions May Supersede & Replace His Motion To Amend The First Amended Complaint" (ECF No. 321) are DENIED.

DATED: August 25, 2015

**WILLIAM Q. HAYES**
United States District Judge