**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOHN B. KENNEY,

Plaintiff,

vs.

THE CITY OF SAN DIEGO & FEDERAL & PRIVATE CONTRACTOR INTELLIGENCE COMMUNITY AND SECURITY POLICE - STATE INDUSTRIAL COMPLEX CONSPIRATORS, SAN DIEGO POLICE DEP'T, (SDPD)..., et al.,

Defendants.

CASE NO. 13cv248 WQH (JLB)

ORDER

HAYES, Judge:

The matters before the Court are: (1) Plaintiff's "Ex Parte Motion For Leave Of Court To Allow Plaintiff to File Exhibits That Are Not Able To Be E-Filed" (ECF No. 340); (2) Plaintiff's "Ex Parte Motion For Continuance Until Motion To Amend Is Ruled Upon &/or If Unfavorable To Plaintiff, To File His Opposition Of Disputed Facts To Defendants' Motion For Summary Or Partial Summary Judgment Fourteen (14) Days After That Decision" (ECF No. 341); (3) Plaintiff's "Ex Parte Motion For Continuance Of Motion For Summary Or Partial Summary Judgment For Discovery Of 'Facts Unavailable' Pursuant To Federal Rules of Civil Procedure 56; Especially FRCP 56(d); Or Alternatively Additional 14 Days From Ruling Thereof To 'Dispute' With So Many 'Facts Unavailable' Thus Each Due An Explanation Of Perfidy & Obstruction"

(ECF No. 343);(4) Plaintiff's "Ex Parte Motion For Clarification On Two Pending And One Denied Motions of 8/25/2015 and Extension Of Time–3 Days From Ruling On This Motion If Unfavorable To Submit Responses to Defendants' MSJ" (ECF No. 347); and (5) Plaintiff's "Ex Parte Motion For Clarification On Two Pending And One Denied Motions of 8/25/2015 and Extension Of Time Time–3 Days From Ruling On This Motion If Unfavorable To Submit Responses to Defendants' MSJ" (ECF No. 349).

**Background**

On January 30, 2013, Plaintiff John B. Kenney, proceeding *pro se*, filed a Complaint in this Court. (ECF No. 1). On September 20, 2013, the Court granted in part and denied in part the motion to dismiss the Complaint filed by Defendants City of San Diego ("City"), San Diego Police Department ("SDPD"), William Lansdowne, Jerry Sanders, Scott Thompson, Kaseyelee Lawrence, David Stum, and Jan Goldsmith (collectively, "City Defendants"). (ECF No. 20). In the same Order, the Court granted the motion to dismiss filed by the San Diego Sheriff's Department ("Sheriff's Department"). *Id*.

On October 21, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 21). On January 28, 2014, the Court granted the motions to dismiss portions of the First Amended Complaint filed by the City Defendants and the Sheriff's Department. (ECF No. 33). In the January 28, 2014 Order, the Court listed nine causes of action against certain City Defendants which were not dismissed. *See id*. at 22-23.

On June 30, 2014, the Court issued an Order which dismissed claims against certain Defendants without prejudice and stated, "[a]ny further amendment or supplement to the operative pleading must be done by filing a motion for leave to amend the First Amended Complaint, accompanied by a copy of the proposed amended pleading, which shall be entitled 'Second Amended Complaint.'" (ECF No. 228 at 11).

On October 27, 2014, Plaintiff filed an Ex Parte Motion for Leave to Amend the First Amended Complaint. (ECF No. 287). On January 15, 2015, the Court issued an Order denying Plaintiff's Ex Parte Motion for Leave to Amend (ECF No. 287), because

"[t]his Court has previously ruled on the matters presented in the FAC" and "Plaintiff has not shown good cause to support the filing of the proposed SAC in this case." (ECF No. 294).

On July 17, 2015, Plaintiff filed the Motion for Leave to Amend (ECF No. 20) and the "Ex Parte Motion to Substitute 'Doe' Defendants & Motion for Clarification on Whether These Substitutions May Supersede & Replace His Motion To Amend The First Amended Complaint" (ECF No. 321).

On August 13, 2015, Defendants Kaseylee Lawrence, Scott Thompson, David Stum, City of San Diego, and San Diego Police Department each filed separate Motions for full or partial summary judgment. (ECF Nos. 330-33).

On August 25, 2015, the Court issued an Order denying Plaintiff's Motion for Leave to Amend (ECF No. 20) and "Ex Parte Motion to Substitute 'Doe' Defendants & Motion for Clarification on Whether These Substitutions May Supersede & Replace His Motion To Amend The First Amended Complaint" (ECF No. 321). (ECF No. 344).

On August 25, 2015, Plaintiff filed the "Ex Parte Motion For Leave Of Court To Allow Plaintiff to File Exhibits That Are Not Able To Be E-Filed" (ECF No. 340), Plaintiff's "Ex Parte Motion For Continuance Until Motion To Amend Is Ruled Upon &/or If Unfavorable To Plaintiff, To File His Opposition Of Disputed Facts To Defendants' Motion For Summary Or Partial Summary Judgment Fourteen (14) Days After That Decision" (ECF No. 341), and Plaintiff's "Ex Parte Motion For Continuance Of Motion For Summary or Partial Summary Judgment For Discovery Of 'Facts Unavailable' Pursuant To Federal Rules of Civil Procedure 56; Especially FRCP 56(d); Or Alternatively Additional 14 Days From Ruling Thereof To 'Dispute' With So Many 'Facts Unavailable' Thus Each Due An Explanation Of Perfidy & Obstruction" (ECF No. 343). Defendants filed responses. (ECF Nos. 345, 346).

On August 31, 2015 and September 1, 2015, Plaintiff filed two motions entitled "Ex Parte Motion For Clarification On Two Pending And One Denied Motions of

8/25/2015 and Extension Of Time Time–3 Days From Ruling On This Motion If Unfavorable To Submit Responses to Defendants' MSJ." (ECF Nos. 347, 349). Defendants filed responses. (ECF Nos. 348, 350).

## I. Plaintiff's Motions

### A. "Ex Parte Motion For Leave Of Court To Allow Plaintiff to File Exhibits That Are Not Able To Be E-Filed" (ECF No. 340)

Plaintiff requests leave to allow for the nonelectronic filing of electronic memory containing video & other electronic files in support of his motion because the files are unable to be uploaded to the Court's electronic filing system. Defendants' do not oppose Plaintiff's motion. Plaintiff's motion is granted.

### B. Plaintiff's "Ex Parte Motion For Continuance Until Motion To Amend Is Ruled Upon &/or If Unfavorable To Plaintiff, To File His Opposition Of Disputed Facts To Defendants' Motion For Summary Or Partial Summary Judgment Fourteen (14) Days After That Decision" (ECF No. 341) and Plaintiff's "Ex Parte Motion For Continuance Of Motion For Summary or Partial Summary Judgment For Discovery Of 'Facts Unavailable' Pursuant To Federal Rules of Civil Procedure 56; Especially FRCP 56(d); Or Alternatively Additional 14 Days From Ruling Thereof To 'Dispute' With So Many 'Facts Unavailable' Thus Each Due An Explanation Of Perfidy & Obstruction" (ECF No. 343)

Plaintiff requests a continuance until Plaintiff's motion to amend has been granted and sanctions, or "should that ruling be adverse to Plaintiff, that the time to oppose ... be continued until fourteen (14) days after such ruling." (ECF Nos. 341 at 2, 343 at 2).

Federal Rule of Civil Procedure 56(d) authorizes the court to defer consideration of a motion for summary judgment and allow a party "time to obtain affidavits or declarations or to take discovery" where "a nonmovant shows by affidavits or

declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, ..., and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir.1996) (citing *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir.1995)). "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." *Conkle*, at 914 (quoting *California Union Ins. Co. v. American Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir.1990).

Plaintiff's affidavit states in part that:

> I, John B. Kenney, Plaintiff, do declare that Defendants' "Facts" are "Unavailable" pursuant to Rule 56(c) & (d), because Defendants improperly hid them until 6/2/2015, thus Plaintiff has been barred from making true discovery requests: (1) I, John B. Kenney, Plaintiff, hereby declare, "I hope for & need "Further Discovery" of these "Doe" Defendants; (2) They do exist, and moreover, (3) The further "Facts" they will reveal are "Essential" to, my, John B. Kenney's, the Plaintiff's, Case"....

(ECF Nos. 341-2 at 6, 343-2 at 3). Plaintiff's affidavit further states that:

> Plaintiff has extraordinary good cause as he served Defendants with multiple Discovery Requests on or about January 20, 2015, & has diligently pursued the task of completing discovery on all Defendants. Defendants improperly held "Responses" postmarked "03/25/2015" & illegally failed to make many responses until 6/2/2015, a mere 11 days prior to effective Discovery cut-off.

(ECF Nos. 341-2 at 2, 343-2 at 2)

Plaintiff's request for continuance based on the need to conduct more discovery as to the newly added Doe Defendants is denied on grounds that Plaintiff's motion to substitute Doe Defendants has been denied. Plaintiff's request for a continuance based on the need to conduct further discovery as to the current Defendants is denied on grounds that Plaintiff has failed to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment. Plaintiff's request for an additional fourteen days to file an opposition to Defendants' motions for summary judgment is granted.

**C. Plaintiff's "Ex Parte Motion For Clarification On Two Pending And One Denied Motions of 8/25/2015 and Extension Of Time Time–3 Days From Ruling On This Motion If Unfavorable To Submit Responses to Defendants' MSJ" (ECF Nos. 347, 349)**

Plaintiff's Ex Parte motions seek clarification of Plaintiff's three motions ruled on in this order (ECF Nos. 340, 341, 343). Plaintiff's motions for clarification and extension of time (ECF Nos. 347, 349) are denied as moot.

**Conclusion**

IT IS HEREBY ORDERED that Plaintiff's "Ex Parte Motion For Leave Of Court To Allow Plaintiff to File Exhibits That Are Not Able To Be E-Filed" (ECF No. 340) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's "Ex Parte Motion For Continuance Until Motion To Amend Is Ruled Upon &/or If Unfavorable To Plaintiff, To File His Opposition Of Disputed Facts To Defendants' Motion For Summary Or Partial Summary Judgment Fourteen (14) Days After That Decision" (ECF No. 341) and Plaintiff's "Ex Parte Motion For Continuance Of Motion For Summary or Partial Summary Judgment For Discovery Of 'Facts Unavailable' Pursuant To Federal Rules of Civil Procedure 56; Especially FRCP 56(d); Or Alternatively Additional 14 Days From Ruling Thereof To 'Dispute' With So Many 'Facts Unavailable' Thus Each Due An Explanation Of Perfidy & Obstruction" (ECF No. 343) are DENIED in part and GRANTED in part. Plaintiff's response to Defendants' motions for summary judgment must be filed by September 18, 2015. Any reply must be filed by October 9, 2015.

///

IT IS FURTHER ORDERED that Plaintiff's "Ex Parte Motion For Clarification On Two Pending And One Denied Motions of 8/25/2015 and Extension Of Time Time–3 Days From Ruling On This Motion If Unfavorable To Submit Responses to Defendants' MSJ" (ECF Nos. 347, 349) are DENIED AS MOOT.

DATED: September 3, 2015

**WILLIAM Q. HAYES**
United States District Judge