# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY, | CASE NO. 13cv248 WQH (JLB) |
| Plaintiff, | ORDER |
| v. | |
| THE CITY OF SAN DIEGO & FEDERAL & PRIVATE CONTRACTOR INTELLIGENCE COMMUNITY AND SECURITY POLICE - STATE INDUSTRIAL COMPLEX CONSPIRATORS, SAN DIEGO POLICE DEP'T, (SDPD)..., et al, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss (ECF No. 399) filed by Defendants City of San Diego, Kevin Armentano, Steven Eraca, Matthew Koerber, David Mitchell, James Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez (collectively, "Defendants").

## I. Background

On October 21, 2013, Plaintiff John B. Kenney filed a First Amended Complaint ("the Complaint") alleging that he was subjected to the deprivation of his rights under federal and state law as a result of his involvement with the Occupy San Diego protests in late 2011 and early 2012. (ECF No. 21).

On March 29, 2016, the Court issued an Order allowing the substitution of eight Doe Defendants: Kevin Armentano, Steven Eraca, Matt Koerber, David Mitchell, James

Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez. (ECF No. 385). The Order granted Plaintiff 90 days from the date of the order to complete service.

On July 18, 2016, Defendants filed the motion to dismiss pursuant to Federal Rules of Civil Procedure 4(m), 12(b)(5) and 12(b)(6). (ECF No. 399). On August 8, 2016, Plaintiff filed an opposition. (ECF No. 403). On August 15, 2016, Defendants filed a reply. (ECF No. 409).

**II. Motion to Dismiss**

**A. Federal Rule of Civil Procedure 12(b)(5)**

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move to dismiss the complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Once a party challenges service, the plaintiff bears the burden to show that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The court has discretion to dismiss an action or quash service if there is insufficiency of process or insufficiency of service. *See SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("the choice between dismissal and quashing service of process is in the district court's discretion").

Defendants contend that on June 27, 2016, Plaintiff served a Summons and the Complaint for each of the newly added Defendants on Sergeant Higdon at the San Diego Police Department ("SDPD") headquarters. Defendants contend that the Internal Affairs Unit of the San Diego Police Department is authorized to accept service on behalf of officers who are current employees of the SDPD, but is not authorized to accept service on behalf of former employees. Defendants contend that Defendants Eraca, Mitchell, and Shumate are not current employees of the SDPD, nor were they employees on June 27, 2016; therefore, the SDPD was not authorized to accept service on their behalf. Defendants assert that if Plaintiff had inquired, Defendants' counsel could have made arrangements for some other means to properly serve the three former SDPD officer Defendants. Defendants request that the Court grant the motion to

dismiss Defendants Eraca, Mitchell, and Shumate pursuant to 12(b)(5) for insufficient service of process and 4(m) for lack of prosecution.

Plaintiff contends that the three Defendants alleged to be improperly served "relate back" to the original complaint and the Defendants were timely served because Defendants were working at the SDPD at the time the original complaint was filed. (ECF No. 403-2 at 3). Plaintiff contends that Defendants admit that all defendants were served and that service was erroneously accepted on behalf of Defendants Eraca, Mitchell, and Shumate. Plaintiff contends that the City and the SDPD are not in compliance with their duty to provide clear instructions regarding acceptance of service. Plaintiff does not contend that he attempted to serve Defendants through any means other than delivering the copies of the summons and complaints to the SDPD.

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual within a judicial district of the United States by (1) following state law service requirements, or (2) service may be effected upon an individual by (A) delivering a copy of the summons and complaint to the individual personally, (B) by leaving a copy of each "at the individual's dwelling or usual place of abode," or (C) by delivering a copy of each to an "agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

California Code of Civil Procedure section 415.20(a) states,

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office, or if no physical address is known, at his or her usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. . . .

Cal. C.C.P. § 415.20(a).

In this case, Plaintiff's agent served the Summons and the Complaint for Defendants Eraca, Mitchell, and Shumate on Sergeant Higdon at the SDPD headquarters. (See ECF Nos. 389-397). In the declaration attached to Defendants' motion to dismiss, Margaret Mendez, the Police Records Administrator at the SDPD,

states that Defendants Eraca, Mitchell, and Shumate were not employed at the SDPD on June 27, 2016. (Menendez Decl. ¶¶ 1,3; ECF No. 399-2 at 1-2). Because Defendants Eraca, Mitchell, and Shumate are not SDPD employees, service does not comply with section 415.20(a). Plaintiff has not filed a proof of service demonstrating that the procedural requirements of section 415.20 have been met with respect to Defendants Eraca, Mitchell, and Shumate. Plaintiff has not met the service requirements under Rule 4(e)(1).

In her declaration, Mendez states that the Internal Affairs Unit of the SDPD is authorized to accept service on behalf of SDPD officers who are current employees, but is not authorized to accept service on behalf of former employees. (Menendez Decl. ¶ 3). Because Defendants Eraca, Mitchell, and Shumate are no longer SDPD employees, the Internal Affairs Unit of the SDPD was not authorized to accept service on their behalf. Plaintiff did not fulfill the requirements of Rule 4(e)(2)(C) because he did not deliver a copy of the Summons and Complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Plaintiff has not filed a proof of service demonstrating that the procedural requirements of Rule 4(e)(2)(A) or (B) have been met by serving Defendants Eraca, Mitchell, or Shumate personally or by leaving the Summons and Complaint at their dwellings. Upon finding that service was not proper, the court in its discretion may dismiss the action or quash service of process. *Stevens v. Security Pacific Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976). Because there is no reason to believe that Plaintiff could not properly effect service upon Defendants, the Court declines to dismiss the action and instead quashes the service of process. Plaintiff is granted an additional thirty (30) days from the date this Order is filed to complete service on Defendants Eraca, Mitchell, and Shumate and to file a proof of service. *See Issaquah School Dist. No. 411*, 470 F.3d at 1293 ("Rule 4(m) contemplates the possibility of an extension of time which . . . we believe is best left to the district court's discretion.").

**B. Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 states, "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Defendants contend that the Complaint does not allege specific allegations as to any of the new Defendants–either as named defendants or as Doe Defendants. Defendants contend that the officers cannot adequately respond to the allegations or know which allegations are being asserted specifically against them. Defendants contend that based on the documents Plaintiff acquired in discovery, Plaintiff should be able to amend his pleading to state sufficient allegations as to which Defendants were involved in each incident.

Plaintiff contends that the Complaint makes a plain and simple statement of the facts sufficient to put Defendants on notice of the claims alleged against them. Plaintiff contends that the Defendants possess all of the evidence, specifically the evidence Plaintiff used to oppose Defendants' motions for summary judgment, regarding Defendants' involvement in the alleged incidents.

The Court allowed the newly added Defendants to be substituted for Doe Defendants based on discovery presented by the parties and reviewed by the Court which identified the specific officers involved in each of the incidents alleged in the Complaint. In its March 29, 2016 Order addressing Defendants' summary judgment motions, the Court stated,

> The claims relating to these incidents cannot be resolved without the identified Defendants. . . . [T]he Court will allow substitution of Doe Defendants as requested in the motion to substitute (ECF No. 321) as follows:

> Kevin Armentano, Steven Eraca, and Matt Koerber, as to the first claim for relief for First Amendment and Fourth Amendment violations relating to the October 14, 2011 incident;
>
> Kevin Armentano, Steven Eraca, David Mitchell, James Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez as to the first claim for relief for First Amendment and Fourth Amendment violations relating to the December 10, 2011 incident; and
>
> Kevin Armentano and Steven Eraca as to the first claim for relief for First Amendment and Fourth Amendment violations relating to the January 31, 2012 incident. (ECF No. 321-3).

(ECF No. 385 at 20). The Court concludes that Defendants are sufficiently on notice of the claims alleged against them. Defendants have not presented sufficient grounds to dismiss this case and require the Plaintiff to file an amended complaint at this stage in the proceedings. The motion to dismiss the Complaint under 12(b)(6) for failure to state a claim is denied.

## III. Conclusion

IT IS HEREBY ORDERED that Defendants' motion to dismiss (ECF No. 399) is denied. The Court quashes service of process as to Defendants Steven Eraca, David Mitchell, and Craig Shumate. Thirty (30) days from the date this Order is filed, Plaintiff shall complete service on Defendants Eraca, Mitchell, and Shumate and file proof of service.

IT IS FURTHER ORDERED that pursuant to Plaintiff's request to resend court orders (ECF No. 407), the Clerk of the Court shall mail Plaintiff a copy of this Order and a copy of ECF Nos. 385 and 388.

DATED: August 24, 2016

**WILLIAM Q. HAYES**
United States District Judge