1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| JOHN B. KENNEY, | CASE NO. 13-cv-248-WQH-JLB |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SAN DIEGO, et al., | |
| Defendant. | |

14   HAYES, Judge:

15          The matter before the Court is the Motion for Reconsideration (ECF No. 444)

16   filed by Plaintiff John B. Kenney.

17   **I. Factual and Procedural Background**

18          On March 29, 2016, after the close of discovery, this Court issued an Order

19   granting the substitution of certain Doe defendants into the action.  The Order stated

20   that, "Any party may request the Court reopen discovery within 120 days of the date of

21   this order."  (ECF No. 385).  Plaintiff did not file a request to reopen discovery  by the

22   deadline of June 27, 2016.  However, Plaintiff served a number of discovery requests

23   on Defendants on June 27, 2016.  (ECF No. 446 at 4; ECF No. 445 at 8, 18).

24          On August 8, 2016, Plaintiff filed an ex parte Motion to Compel FRCP 15 &

25   26(a)(1)(D) Required Disclosures (ECF No. 400), a Motion to Reopen Discovery,

26   (ECF No. 401) and an ex parte Motion to Compel Special Interrogatories (ECF No.

27   402).  Defendants City of San Diego, San Diego Police Department, KaseyLee

28   Lawrence, Kevin Armentano, Steven Eraca, Matthew Koerber, David Mitchell, James

1   Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez filed responses in

2   opposition to the three motions. (ECF Nos. 404-406).  Plaintiff filed replies on August

3   11, 2016.  (ECF No. 408).  On August 15, 2016, Plaintiff filed twelve separate ex parte

4   Motions to Compel Discovery. (ECF Nos. 410-412).  On August 16, 2016, Defendants

5   filed responses.  (ECF Nos. 423-434).

6          On September 8, 2016, a telephonic hearing on the motions was held before

7   Magistrate Judge Burkhardt.  (ECF No. 438).  At the hearing, the Magistrate Judge

8   orally ruled on the motions.  (ECF No. 438).  In the subsequent minute order (the

9   "Discovery Order") filed September 19, 2016, the Magistrate Judge memorialized the

10  rulings on the  motions.  (ECF No. 441).  The Discovery Order granted Plaintiff's ex

11  parte Motion to Compel discovery pursuant to Court Order ECF No. 385.  (ECF No.

12  400).  The Court ordered a limited reopening of discovery for Plaintiff for the discovery

13  propounded on June 27, 2016 and for Defendants to serve contention interrogatories

14  and supporting requests for production related to the new defendants.  (ECF No. 445

15  at 18-19).  The discovery schedule requires that responses to Plaintiff's discovery

16  propounded on June 27, 2016 are due October 10, 2016 and that Defendants may

17  propound contention interrogatories and requests for production of documents as to the

18  eight defendants recently substituted in as Doe defendants by September 22, 2016 as

19  to the five who have been served and within 7 days from the date of service as to the

20  three not yet served.[1]  *Id.* at 1-2.  The Discovery Order denied without prejudice

21  Plaintiff's ex parte Motions to Compel Discovery. (ECF Nos. 402, 410-421).  The

22  Discovery Order stated, with regard to each of these ex parte motions to compel

23  discovery, "At the time this discovery was propounded, discovery had closed and

24  Plaintiff had neither sought nor received leave of Court to reopen discovery. Now that

25  Plaintiff has obtained leave to propound this discovery, defendant has until October 10,

26  2016 to respond."  (ECF No. 441 at 2-5).

27  ───────────────

28      [1]  At the hearing on September 8, 2016, counsel for Defendants stated that the Defendants have agreed to accept service for the Defendants Eraca, Mitchell, and Shumate by Plaintiff serving them at the office. (ECF No. 445 at 18-19).

1    On October 17, 2016, Plaintiff filed a Motion for Reconsideration of the

2 Magistrate Judge's September 20, 2016 Discovery Order. (ECF No. 444). Defendants

3 filed a response in opposition on October 19, 2016. (ECF No. 446).

4 **II. Contentions of the Parties**

5    Plaintiff contends that the Discovery Order is not clear or the Court has

6 committed clear and reversible error. (ECF No. 444-1 at 1). Plaintiff contends that

7 discovery should have been opened broadly and not in the limited manner the

8 Magistrate Judge ordered. Plaintiff states that the Discovery Order "unilaterally

9 allow[s] Plaintiff only the very preliminary Discovery requests he had already timely

10 served, post-Substitution, . . . while allowing [Defendants], after the 9/8/16 Discovery

11 conference, to serve yet a fourth (4th) or (5th) round." (ECF No. 444-1 at 7). Plaintiff

12 contends this "is inherently 'unfair' [and] not justified or warranted." *Id.*

13    Defendants contend that Plaintiff's motion should be denied because it is

14 procedurally defective, improperly noticed, and untimely. Defendants contend that

15 Plaintiff "fails to establish any legitimate reason why the Court should reconsider its

16 September 20, 2016 ruling regarding discovery." (ECF No. 446 at 1, 5).

17 **III. Discussion**

18    A district court judge "may designate a magistrate judge to hear and determine

19 any pretrial matter pending before the court" with a limited number of exceptions. 28

20 U.S.C. § 636(b)(1)(A). "A judge may reconsider any pretrial matter . . . where it has

21 been shown that the magistrate judge's order is clearly erroneous or contrary to law."

22 *Id.* Rule 72(a) of the Federal Rules of Civil Procedure states,

23    When a pretrial matter not dispositive of a party's claim or defense is
      referred to a magistrate judge to hear and decide, the magistrate judge
24    must promptly conduct the required proceedings and, when appropriate,
      issue a written order stating the decision. A party may serve and file
25    objections to the order within 14 days after being served with a copy. A
      party may not assign as error a defect in the order not timely objected to.
26    The district judge in the case must consider timely objections and modify
      or set aside any part of the order that is clearly erroneous or is contrary to
27    law.

28 Fed. R. Civ. P. 72(a).

1    A magistrate judge's nondispositive order may be set aside or modified by a

2  district court only if it is found to be clearly erroneous or contrary to law.  *Bhan v.*

3  *Hospitals, Inc.* 929 F.2d 1404, 1414 (9th Cir. 1991).  Matters concerning discovery

4  generally are considered nondispositive of the litigation and reviewed under the clearly

5  erroneous standard.  *See, e.g., FDIC v. Fidelity & Deposit Co. of Md.,* 196 F.R.D. 375,

6  378 (S.D. Cal. 2000) ("The 'clearly erroneous' standard applies to the magistrate

7  judge's factual determinations and discretionary decision made in connection with

8  non-dispositive pretrial discovery matters.").  "Review under the clearly erroneous

9  standard is significantly deferential, requiring a definite and firm conviction that a

10  mistake has been committed."  *Concrete Pipe & Prod. v. Constr. Laborers Pension*

11  *Trust*, 508 U.S. 602, 623 (1993) (quotation omitted); *see also Hernandez v. Tanninen*,

12  604 F.3d 1095, 1100 (9th Cir. 2010).

13    During the proceedings on September 8, 2016, the Magistrate Judge requested

14  that Plaintiff identify the additional discovery required by Plaintiff.  (ECF No. 445 at

15  7-9).  Plaintiff failed to specifically articulate  additional discovery beyond that which

16  Plaintiff propounded on June 27, 2016.  *Id.* at 8-12.  The Magistrate Judge stated that

17  "[Plaintiff] had . . . a period within which to conduct discovery.  It was extended twice.

18  The deadline for conducting discovery closed a year ago. [Plaintiff] had 120 days to

19  request to reopen discovery as to the new defendants, and [Plaintiff[ did not do that

20  until August 8 . . ."  *Id.* at 8-9.  The Magistrate Judge granted Plaintiff a limited

21  reopening of discovery, despite the fact that Plaintiff's motion to reopen discovery was

22  untimely. During the hearing, Defendants requested that the Court allow the new

23  Defendants "to serve certain interrogatories and requests for production of documents

24  to Mr. Kenney regarding specifically the allegations against these new defendants" if

25  the Court determined that it would allow Plaintiff a limited reopening of discovery.  *Id.*

26  at 15-17.  Plaintiff did not object to Defendant's  request upon direct inquiry by the

27  Magistrate Judge.  *Id.* at 17.

28    This Court concludes that Magistrate Judge's Discovery Order regarding the

1    limited opening of discovery is supported by the facts and the law.  The Court

2    concludes that the Discovery Order (ECF No. 441) and rulings on the record during the

3    September 8, 2016 proceedings (ECF No. 438) are not clearly erroneous or contrary to

4    law.

5    **III. Conclusion**

6          IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (ECF No.

7    444) is DENIED.

8    DATED:  October 28, 2016

9

**WILLIAM Q. HAYES**

10   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv248-WQH-JLB