# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY, <br> Plaintiff, <br> vs. <br> THE CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, KASEYLEE LAWRENCE, KEVIN ARMENTANO, STEVEN ERACA, MATTHEW KOERBER, DAVID MITCHELL, JAMES MILANO, ERICK VALDEZ, RODOLPHE SAINTE-AGATHE, and CRAIG SHUMATE, et al., <br> Defendants. | CASE NO. 13cv248 WQH (JLB) <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the motion for full or partial summary judgment (ECF No. 461) filed by Defendants Kevin Armentano, Steven Eraca, Matthew Koerber, David Mitchell, James Milano, Erick Valdez, Rodolphe Sainte-Agathe, and Craig Shumate.

## BACKGROUND FACTS

On October 21, 2013, Plaintiff filed a First Amended Complaint ("the Complaint") alleging that he was subjected to the deprivation of his rights under federal and state law as a result of his involvement with the Occupy San Diego protests in late 2011 and early 2012. (ECF No. 21). The Complaint alleged facts describing five incidents involving the San Diego Police Department ("SDPD"), three named San

Diego Police Officers, and Doe San Diego Police Officers 1-200.

On January 28, 2014, the Court granted the motion to dismiss portions of the Complaint filed by the City Defendants and the Sheriff's Department. (ECF No. 33).

On August 13, 2015, Defendants Lawrence, Thompson, Stum, City of San Diego, and San Diego Police Department filed separate motions for full or partial summary judgment. (ECF Nos. 330, 331, 332, and 333).

On March 29, 2016, this Court entered an order which concluded as follows:

> IT IS HEREBY ORDERED that the Court will allow substitution of Doe Defendants as requested in the motion to substitute (ECF No. 321) as follows:
> Kevin Armentano, Steven Eraca, and Matt Koerber, as to the first claim for relief under for First Amendment and Fourth Amendment violations relating to the October 14, 2011 incident;
> Kevin Armentano, Steven Eraca, David Mitchell, James Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez as to the first claim for relief for First Amendment and Fourth Amendment violation relating to the December 10, 2011 incident; and
> Kevin Armentano and Steven Eraca as to the first claim for relief for First Amendment and Fourth Amendment violations relating to the January 31, 2012 incident. (ECF No. 321-3).
>
> Plaintiff is granted 90 days from the date of this order to complete service pursuant the Rule 4 of the Federal Rules of Civil Procedure and to file proof of service in the record. The Clerk of the Court shall issue the proper summons forthwith. Any party may request the Court reopen discovery within 120 days of the date of this order.
>
> IT IS FURTHER ORDERED that 1) the motion for summary judgment (ECF No. 330) filed by Defendant Lawrence is denied in part and granted in part, 2) the motion for summary judgment (ECF No. 331) filed by Defendant Thompson is granted, 3) the motion for summary judgment (ECF No. 332) filed by Defendant Stum is granted, and 4) the motion for summary judgment (ECF No. 333) filed by Defendants City of San Diego and San Diego Police Department is denied in part and granted in part.
>
> All claims in the Complaint against Doe Defendant Police Officers, Defendant Lawrence, SDPD, and the City of San Diego for acts which took place on January 31, 2012 for excessive force, illegal search, Sixth Amendment, right to counsel, Eighth Amendment, Ninth Amendment, equal protection, Article four, false arrest, negligence, intentional infliction of emotional distress, and invasion of privacy are dismissed.
>
> All claims in the Complaint for negligence (third claim), assault (fourth claim), battery (fifth claim), negligent or intentional infliction of emotional distress (seventh claim), and invasion of privacy (twelfth claim) against Defendants San Diego Police Department and City of San Diego are dismissed.
>
> All claims in the Complaint against all Defendants for the alleged actions

> taken on November 2, 2011 and March 24, 2012 are dismissed for the reasons stated in this order.

(ECF No. 385 at 20-21.) Summons was returned executed on Kevin Armentano, Steven Eraca, Matt Koerber, David Mitchell, James Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez. (ECF Nos. 389-397). The parties engaged in further discovery.

On December 16, 2016, Defendants Kevin Armentano, Steven Eraca, Matthew Koerber, David Mitchell, James Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez filed a motion for full or partial summary judgment (ECF No. 461). Plaintiff filed an opposition (ECF No. 485).[1] Defendants filed a reply. (ECF No. 487).

## STANDARD OF REVIEW

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *See id.* at 248. The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

---

[1] The Court has considered Plaintiff's claim that facts are unavailable and request that the motion for summary judgment be denied pursuant to Fed. R. Civ. P. 56(d). The Court finds that discovery has been ongoing and extensive. Plaintiff is entitled to no relief under Rule 56(d).

"In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997); *Liston v. County of Riverside*, 120 F.3d 965, 977 (9th Cir. 1997) ("For the purposes of summary judgment, . . . we must assume the nonmoving party's version of the facts to be correct.") (citation omitted).

## ANALYSIS

Subsequent to the March 29, 2016 order (ECF No. 385), the following claims remain in this case:

1) First Amendment and Fourth Amendment claims pursuant to 42 U.S.C. § 1983 relating to the October 14, 2011 incident against Kevin Armentano, Steven Eraca, and Matthew Koerber[2];

2) First Amendment and Fourth Amendment claims pursuant to 42 U.S.C. § 1983 relating to the December 10, 2011 incident against Kevin Armentano, Steven Eraca, David Mitchell, James Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez;

3) First Amendment and Fourth Amendment claims pursuant to 42 U.S.C. § 1983 relating to the January 31, 2012 incident against Kasey Lawrence[3], Kevin Armentano and Steven Eraca; and

4) claims for unlawful policies pursuant to 28 U.S.C. § 1983 against the

---

[2] In the instant motion, Officer Koerber moves for summary judgment as to the First Amendment claim and partial summary judgment as to the Fourth Amendment excessive force claim regarding only the "flesh ripper" allegations from October 14, 2011. Defendants state, "This motion does not address the use of force involving pepper spray pressure point tactic or takedown by Officer Koerber on October 14, 2011, as those issues will need to be determined by a jury." (ECF No. 461-1 at 24 n.3).

[3] Sgt. Lawrence is not a party to this motion for summary judgment. The Court previously denied a motion for summary judgment as to Sgt. Lawrence's claim for relief under 42 U.S.C. § 1983 for First and Fourth Amendment claims relating to the January 31, 2012 incident. (ECF No. 385).

City of San Diego and the San Diego Police Department.[4]

Title 42 U.S.C. § 1983 provides a cause of action against any person who, under color of state law, deprives any citizen of any rights, privileges, or immunities secured by the Constitution and laws of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Id.* "In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation omitted). "[T]he proper inquiry asks whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* (internal quotation omitted).

**1) First Amendment and Fourth Amendment claims pursuant to 42 U.S.C. § 1983 relating to the October 14, 2011 incident against Kevin Armentano, Steven Eraca, and Matt Koerber**

**a. Relevant Facts**

On October 14, 2011, the SDPD was conducting an enforcement action to clear Civic Plaza of personal property, such as tents, sleeping bags and other items believed to be in violation of the encroachment ordinance of the City of San Diego. Protestors had formed "human chains" by linking arms and surrounding the tents and other equipment to prevent officers from removing them and refused commands to move aside so the items could be removed. Matthew Koerber, Kevin Armentano, and Steven Eraca were San Diego Police Officers assigned to the SDPD enforcement action to clear the Civic Center of personal property.

Officer Koerber approached a person he later learned was Plaintiff John Kenney

---

[4] The City of San Diego and the SDPD are not parties to the instant motion for summary judgment. (ECF No. 461).

- 5 -　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　13cv248 WQH (JLB)

and told him several times to move out of the way. Plaintiff did not move. Officer Koerber tried to pry Plaintiff's arm free so he could pull him from the human chain but could not break his grip. Officer Koerber used a pressure point tactic by applying pressure placing his palm against the left side of Plaintiff's head and applying pressure from his thumb to Plaintiff's mandibular pressure point to get Plaintiff to release his linked arms. Plaintiff released his arms and began to lose his balance. Officer Koerber used a head control takedown to take Plaintiff to the ground. Plaintiff stood up. Officer Koerber believed that Plaintiff was attempting to re-enter the human chain. Officer Koerber issued a spray from his oleoresin capsicum ("OC") spray in Plaintiff's direction. Plaintiff turned away and did not attempt to re-enter the human chain.

Officer Koerber did not place Plaintiff under arrest on that date. Officer Koerber states that he did not tell Plaintiff that he could not protest, participate in Occupy San Diego, or exercise his First Amendment rights. Officer Koerber states that no one from the City of San Diego directed him to target Plaintiff because he was a member of Occupy San Diego or because Plaintiff was exercising his First Amendment rights. Officer Armentano and Officer Eraca state that they had no interaction with Plaintiff on October 14, 2011. There is no evidence in the record that Plaintiff was arrested on October 14, 2011. There is no evidence in the record that Officer Armentano and Officer Eraca had any interaction with Plaintiff on October 14, 2011.

**b. Contentions of the Parties**

All Defendants move for summary judgment as to any unlawful arrest or detention claim with respect to the October 14, 2011 incident. All Defendants move for summary judgment as to any First Amendment claim with respect to the October 14, 2011 incident. Officer Armentano and Officer Eraca move for summary judgment as to any claim for excessive force with respect to the October 14, 2011 incident. Officer Koerber moves for partial summary judgment as to the Fourth Amendment excessive force claim regarding the "flesh ripper" incident on October 14, 2011. Officer Koerber does not move for summary judgment as to excessive force claim related to the the use

of pepper spray, pressure point tactics or takedown on October 14, 2011.

Plaintiff contends that he was never informed of various officers who harmed him concerning the "'flesh ripper' 'nunchaku' 'incidents of 10/14/11.'" (ECF No. 495-6 at 2).

#### c. Conclusion

There is no evidence in the record to support any claim for unlawful arrest or detention claim with respect to the October 14, 2011 incident. There is no evidence in the record that Plaintiff was arrested on October 14, 2011. There is no evidence in the record to support any claim for a First Amendment violation or an excessive force claim against Officer Armentano or Officer Eraca with respect to the October 14, 2011 incident. There is no evidence that Officer Armentano or Officer Eraca had any involvement with Plaintiff on October 14, 2011. Officer Armentano and Eraca are entitled to summary as to the First Amendment and Fourth Amendment claims against them on October 14, 2011.

Officer Koerber is entitled to summary judgment as to the Fourth Amendment excessive force claim from October 14, 2011 only as to the allegations regarding the "flesh ripper." The Court concludes that the remaining claim of excessive force against Officer Koerber on October 14, 2011 and the First Amendment claim against Officer Koerber on October 14, 2011 must be resolved by the trier of fact.

**2) First Amendment and Fourth Amendment claims pursuant to 42 U.S.C. § 1983 relating to the December 10, 2011 incident against Kevin Armentano, Steven Eraca, David Mitchell, James Milano, Rodolphe Sainte-Agathe, Craig Shumate, and Erick Valdez**

#### a. Relevant facts

On December 10, 2011, SDPD officers, including Officers Armentano, Eraca, Sainte-Agathe and Sargeant Milano were assigned to assist with patrolling Civic Center Plaza. Several protestors associated with Occupy San Diego were laying on the ground covered with blankets. Plaintiff was lying on the ground in or on a sleeping bag on top

of a tarp. Officer Armentano notified Sargeant Milano that several people were sleeping in the plaza. Sargeant Milano and Lieutenant Mitchell arrived at Civic Center Plaza. Sargeant Milano explained to the people that the tarp needed to be removed.

Lieutenant Mitchell asked Plaintiff to move from the tarp. Plaintiff responded that he was trying to sleep. Officer Armentano took the scarf off from Plaintiff's face and assisted him into a sitting position along with Officer Sainte-Agathe. Plaintiff was placed under arrest for violating Penal Code section 148 by failing to comply with the orders to move off the tarp so the tarp could be removed from the plaza, and for a violation of the City encroachment ordinance, San Diego Municipal Code section 54.0110. Plaintiff was placed under arrest and walked to a police van for transport to jail. A video titled "You tube of Kenney's Arrest 12-9-11" depicts the interaction between the officers and Plaintiff.

**b. Contentions of the parties**

Defendants move for summary judgment as to any First Amendment claim with respect to the December 10, 2011 incident. Defendants contend that Plaintiff was arrested for violating Penal Code section 148, and for a violation of the City encroachment ordinance, San Diego Municipal Code section 54.0110. Defendants assert that Plaintiff was not arrested because he was exercising any First Amendment rights.

Defendants move for summary judgment as to any Fourth Amendment claim for unlawful arrest or detention. Defendants contend that there was probable cause to believe that Plaintiff was violating the encroachment ordinance as well as resisting, obstructing or delaying a peace officer in violation of California Penal Code section 148 on December 10, 2011. Defendants further move for summary judgment as to any claim for excessive force with respect to the December 10, 2011 arrest.

Plaintiff contends that he was unlawfully targeted and arrested on December 10, 2011. Plaintiff contends that the encroachment ordinance did not apply to him and his arrest was not lawful.

**c. Conclusion**

The undisputed facts in this case establish that the officers had probable cause to lawfully arrest Plaintiff for violating Penal Code section 148, and for a violation of the City encroachment ordinance, San Diego Municipal Code section 54.0110. San Diego Municipal Code section 54.0110 provided that "It is unlawful for any person to erect, place, allow to remain, construct, establish, plant, or maintain any vegetation or object on any public street, alley, sidewalk, highway, or other public property or public right of way...." San Diego Municipal Code § 54.0110. The undisputed facts show that Plaintiff was laying on a tarp in the Civic Center and refused to move.

Plaintiff was arrested and transported to the station without use of any excessive force. Defendants Armentano, Eraca, Mitchell, Milano, Sainte-Agathe, Shumate, and Valdez are entitled to summary judgment as to the December 10, 2011 incident on the grounds of any Fourth Amendment violation for unlawful arrest or excessive force.

As to the First Amendment claims, the Court concludes that Plaintiff fails to come forward with evidence that deterrence of Plaintiff's political speech was "a substantial or motivating factor in [the officers'] conduct." *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) (internal quotation omitted). Defendants Armentano, Eraca, Mitchell, Milano, Sainte-Agathe, Shumate, and Valdez are entitled to summary judgment as to the December 10, 2011 incident on the grounds of any First Amendment violation. [5]

**3) First Amendment and Fourth Amendment claims pursuant to 42 U.S.C. § 1983 relating to the January 31, 2012 incident against Kevin Armentano and Steven Eraca**

**a. Relevant facts**

On January 31, 2012, Sargeant Lawrence was assigned to the Civic Center Plaza

---

[5] The Court would further conclude that the officers are entitled to qualified immunity on the Fourth Amendment and First Amendment claims based upon the officers reasonable belief that they were entitled to enforce San Diego Municipal Code section 54.0110 against Plaintiff in the Civic Center Plaza on December 10, 2011.

detail. There were several people associated with Occupy San Diego in the Civic Center Plaza. SDPD officers Kevin Armentano and Steven Eraca approached Lawrence and informed her that a bag had been left alone in the Plaza and appeared to be abandoned. Lawrence walked over to the area and observed that no one was standing around the bag. Lawrence directed the officers to impound the bag.

After Officer Armentano and Officer Eraca took custody of the bag, Plaintiff stated that it was his bag. A video of this incident shows police officers and a police car. An individual in the background states "Officer, where can I get my stuff from. Those are mine." The individual repeats "those are mine" a number of times while the two officers get into the police car. The police car backs up a few feet and stops next to a third officer. The police car then leaves. The video continues to show a police officer with an individual asking how to recover the bag and the officer stating go to the property room of the police department. (Exhibit 2 in Support of Kaseylee Lawrence's Motion for Summary Judgment).

**b. Contentions of the Parties**

Officers Armentano and Eraca move for summary judgment on the grounds that they impounded the bag at the direction of Sargeant Lawrence, that they used no force against Plaintiff, and they did not arrest or detain Plaintiff.

**c. Conclusion**

The undisputed facts in this case show that Officer Armentano and Officer Eraca impounded the bag at issue at the direction of Sargeant Lawrence.[6] Officer Armentano and Officer Eraca are entitled to summary judgment as to the incident of January 31, 2012.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for full or partial summary judgment (ECF No. 461) filed by Defendants Kevin Armentano, Steven Eraca, Matthew Koerber,

---

[6] The motion for summary judgment by Sgt. Lawrence was denied in the March 29, 2016 order. (ECF No. 385).

David Mitchell, James Milano, Erick Valdez, Rodolphe Sainte-Agathe, and Craig Shumate is denied in part and granted in part. The following claims remain for trial:

1) claim pursuant to 42 U.S.C. § 1983 of excessive force and violation of First Amendment against Defendant Koerber with respect to October 14, 2011;

2) claim pursuant to 42 U.S.C. § 1983 of violation of the First Amendment and Fourth Amendment against Defendant Lawrence as to January 31, 2012; and

3) claim against Defendant City of San Diego and Defendant SDPD as to unlawful policies.

All other claims and parties are dismissed. The parties shall appear for a pretrial conference to set a trial date on July 19, 2017 at 2:00 p.m. in Courtroom 14B before Judge William Q. Hayes.

DATED: June 14, 2017

**WILLIAM Q. HAYES**
United States District Judge