UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KASEYLEE LAWRENCE; and<br>MATTHEW KOERBER,<br><br>　　　　　　　　Defendants. | Case No.: 13cv248-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the motion for summary judgment filed by Defendants Lawrence and Koerber (ECF No. 617), four motions for summary judgment filed by Plaintiff Kenney (ECF Nos. 618, 619, 620, 621), and two motions for reconsideration filed by Plaintiff Kenney (ECF No. 624, 626).

## I.　PROCEDURAL BACKGROUND

　　On October 21, 2013, Plaintiff John B. Kenney initiated this action by filing a First Amended Complaint alleging that he was subjected to the deprivation of his rights under federal and state law as a result of his involvement with the Occupy San Diego protests in late 2011 and early 2012. (ECF No. 21). The Complaint alleged facts describing five incidents involving the San Diego Police Department ("SDPD"), three named San Diego

1

Police Officers, and Doe San Diego Officers 1-200. The remaining claims in this action are as follows: 1) a claim pursuant to 42 U.S.C. § 1983 for excessive force and a violation of the First Amendment against Defendant Koerber with respect to October 14, 2011 and 2) a claim pursuant to 42 U.S.C. § 1983 for violations of the First Amendment and Fourth Amendment against Defendant Lawrence with respect to January 31, 2012. All other claims and Defendants have been dismissed or granted summary judgment. (ECF No. 499).

On February 22, 2018, Defendants Koerber and Lawrence filed a motion for full or partial summary judgment after seeking leave of the Court. (ECF No. 617).

On February 26, 2018, Plaintiff filed four motions for summary judgment without seeking leave of Court. (ECF Nos. 618, 619, 620, 621). On February 28, 2018, the Court issued an order stating that it would not require any response to these motions from Defendants. (ECF No. 623).

On March 1, 2018, Plaintiff filed a motion for reconsideration of a previous order granting Defendants leave to file the additional motion for summary judgment. Plaintiff requests that the Court allow him additional time to file an opposition to Defendants' motion because his work was delayed by various computer issues. (ECF No. 624).

On March 4, 2018, Plaintiff filed a second motion for reconsideration and a "preliminary" opposition to the motion for summary judgment filed by Defendants. (ECF No. 626).

On March 5, 2019, Defendants filed a response in opposition to Plaintiff's request for a continuance of the briefing schedule on their pending motion for summary judgment. (ECF No. 627).

## II. FACTUAL BACKGROUND

On October 14, 2011, the SDPD was conducting an enforcement action to clear the Civic Plaza of personal property believed to be in violation of the encroachment ordinance

of the City. Protestors, including Plaintiff, had formed "human chains" by linking arms and surrounding the tents and other equipment to prevent officers from removing them. In an effort to move Plaintiff out of the way, Defendant Koerber tried to pry Plaintiff's arm free, used a pressure point tactic and head control takedown, and issued an oleoresin capsicum ("OC") spray in Plaintiff's direction.

On January 31, 2012, two SDPD police officers informed Defendant Lawrence that a bag had been left alone in the Civic Center Plaza and appeared to be abandoned. After walking over to the area and observing that no one was standing near the bag, Defendant Lawrence directed the police officers to impound the bag. Plaintiff subsequently stated that it was his bag.

### III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in her favor. *See Anderson*, 477 U.S. at 255. To avoid summary judgment,

the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

## IV. MOTIONS FOR SUMMARY JUDGMENT BY PLAINTIFF (ECF No. 618, 619, 620, 621).

Plaintiff moves for summary judgment against Defendants Armentano (ECF No. 618), the City of San Diego and the SDPD (ECF No. 621), Eraca (ECF No. 619), and Lawrence (ECF No. 620) regarding the "1/31/12 Unlawful Search & Siezure (sic) incident."[1] Defendants Armentano, the City of San Diego, the SDPD, and Eraca have been dismissed from this action. Accordingly, the motions for summary judgment as to those claims and parties that have been dismissed from this action are denied. (ECF Nos. 618, 619, 621).

Further, the Court has concluded that disputed issues of fact exist in relation to the First Amendment and Fourth Amendment claim against Defendant Lawrence arising from incidents on January 31, 2012. *See* ECF No. 385 at 14–15. Plaintiff has failed to satisfy his burden with respect to Defendant Lawrence to demonstrate that there is "no genuine dispute as to any material fact and [that Plaintiff] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The motions for summary judgment filed by Plaintiff are denied. (ECF No. 618, 619, 620, 621).

## V. MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS LAWRENCE AND KOERBER (ECF No. 617)

---

[1] While each of the four motions are aimed at different Defendants, the motions are identical in relevant part.

4

1 | Defendants Lawrence and Koerber seek summary judgment in their favor on qualified immunity grounds. (ECF No. 617-1 at 5). Defendants contend that with respect to Defendant Koerber's "use of a pain pressure point, takedown, and deployment of O.C. spray to prevent Plaintiff from re-joining the human chain," Plaintiff has failed to show that Defendant Koerber violated a statutory or constitutional right which was clearly established at the time of the challenged conduct. *Id.* at 13. Defendants contend that Defendant Koerber is entitled to summary judgment on the First Amendment claim because Plaintiff has failed to provide any evidence that Koerber intended to inhibit Plaintiff's speech. *Id.* at 17. With respect to Defendant Lawrence, Defendants contend that there was no clearly established law with respect to the length of time property must be unattended before an officer can make a determination that it is abandoned and authorized it to be impounded. *Id.* Further, Defendants contend that Plaintiff has failed to provide any evidence that Defendant Lawrence intended to inhibit Plaintiff's speech. *Id.* at 18.

Plaintiff asserts that his personal papers and property were never abandoned and contends that Defendant Lawrence inhibited his constitutional rights in impounding his property. Plaintiff contends that disputed issues of material fact exist with respect to the use of force by Defendant Koerber. (ECF No. 656).

The Court concludes that Defendants have not satisfied their burden on summary judgment to demonstrate that "there is no genuine dispute as to any material fact and [that they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The motion for summary judgment filed by Defendants Koerber and Lawrence is denied. (ECF No. 617).

## VI. MOTIONS FOR RECONSIDERATION (ECF No. 624, 626)

The first motion for reconsideration filed by Plaintiff requests that the Court grant him additional time to respond to the motion for summary judgment filed by Defendants Lawrence and Koerber. (ECF No. 624). Plaintiff reiterates this request in a second motion

for reconsideration and "preliminary" response in opposition to the motion for summary judgment filed by Defendants Lawrence and Koerber. (ECF No. 626). The Court has denied the motion for summary judgment filed by Defendants Lawrence and Koerber. Plaintiff's motions for reconsideration are denied as moot. (ECF No. 624, 626).

## VII. CONCLUSION

IT IS HEREBY ORDERED that the motion for summary judgment filed by Defendants Koerber and Lawrence is DENIED. (ECF No. 617).

IT IS FURTHER ORDERED that the motions for summary judgment filed by Plaintiff are DENIED. (ECF No. 618, 619, 620, 621).

IT IS FURTHER ORDERED that the motions for reconsideration filed by Plaintiff are DENIED. (ECF No. 624, 626).

Dated: March 6, 2018

Hon. William Q. Hayes
United States District Court