UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY,<br><br>                                 Plaintiff,<br><br>v.<br><br>KASEYLEE LAWRENCE and<br>MATTHEW KOERBER,<br><br>                                Defendants. | Case No.: 13cv248-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the notice of appeal filed by Plaintiff John B. Kenney (ECF No. 634) and the ex parte motion to stay proceedings pending appeal (ECF No. 633).

**I.    NOTICE OF APPEAL**

    On March 13, 2018, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (ECF No. 634). Plaintiff states that he appeals an order of the Court entered on February 15, 2018, ECF No. 607. Plaintiff states that he appeals docket number 607 "amongst other Final Orders" but does not clearly identify the other orders from which he

1

appeals.[1] *See* Fed. R. App. P. 3(c)(1) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed[.]"). The February 15, 2018 Order is a minute Order which denies a motion to clarify filed by Plaintiff. (ECF No. 607). The motion to clarify requests the Court clarify docket number 588, which granted a prior motion to clarify oral rulings made by the Court at a motion in limine hearing. (ECF No. 589).

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, this transfer of jurisdiction from the district court to the court of appeals does not occur when a litigant files a notice of appeal from a non-appealable order. *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."); *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) ("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.").

There has been no judgment or appealable order entered in this case. The February 15, 2018 Order of the Court denying a motion for clarification by minute order is a non-appealable interlocutory order. Accordingly, the Court is not divested of jurisdiction and this case shall proceed accordingly.

///

---

[1] Plaintiff references "still unanswered ECF 583" in the Notice of Appeal. Docket number 583 is a pretrial memorandum filed by Plaintiff and requires no ruling by the Court. Plaintiff additionally asserts that the Court has not ruled on an ex parte motion for reconsideration. (ECF No. 507). Magistrate Judge Schopler denied this motion on August 11, 2017. (ECF No. 515).

## II. MOTION TO STAY PROCEEDINGS

On March 13, 2018, Plaintiff filed an "ex parte motion to stay all further proceedings in this case &/or continue all dates – pending all actions &/or any ruling on his appeal, ECF 632, (3/13/2018)." (ECF No. 633). Plaintiff requests a stay of all proceedings in light of his Notice of Appeal filed on March 13, 2018. Alternatively, Plaintiff requests a continuance of all dates until after the Notice of Appeal has been ruled on. Plaintiff's notice of appeal is defective because it refers to a non-appealable interlocutory order. *See Nascimento*, 508 F.3d at 908. Accordingly, the Court has not been divested of jurisdiction and this case shall proceed accordingly. The motion for a stay or continuance of all dates pending appeal is denied.

## III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's ex parte motion to stay is denied. (ECF No. 633). The Court retains jurisdiction over this matter. A trial is set on the remaining claims in this case against Defendants Lawrence and Koerber for March 27, 2018 at 9:00 a.m. in Courtroom 14B before Judge William Q. Hayes.

Dated: March 19, 2018

Hon. William Q. Hayes
United States District Court