UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. KENNEY,<br><br>         Plaintiff,<br><br>v.<br><br>KASEYLEE LAWRENCE; and<br>MATTHEW KOERBER,<br><br>         Defendants. | Case No.: 13cv248-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

  The matters before the Court are multiple motions to alter or amend judgment or, in the alternative, for a new trial filed by Plaintiff John B. Kenney. (ECF Nos. 674, 675, 676, 677, 678, 679).

**I. BACKGROUND**

  On October 21, 2013, Plaintiff filed a First Amended Complaint alleging that he was deprived of his rights under federal and state law as a result of his involvement with the Occupy San Diego protests in late 2011 and early 2012. (ECF No. 21). The Complaint alleged facts describing five incidents involving the San Diego Police Department ("SDPD"), three named San Diego Police Officers, and Doe San Diego Officers 1-200. The following claims remained at the time of trial: 1) a claim pursuant to 42 U.S.C. § 1983

1

for excessive force and a violation of the First Amendment against Defendant Koerber with respect to October 14, 2011 and 2) a claim pursuant to 42 U.S.C. § 1983 for violations of the First Amendment and Fourth Amendment against Defendant Lawrence with respect to January 31, 2012.

On March 27, 2018, a jury trial began on the remaining claims. On April 2, 2018, the jury returned a verdict in favor of Defendants Koerber and Lawrence. (ECF Nos. 658, 661, 662). Judgment was entered in favor of all Defendants on all claims and against Plaintiff. (ECF No. 663).

On April 30, 2018, Plaintiff filed six motions to alter judgment. (ECF Nos. 674-679). On May 21, 2018, Defendants filed responses in opposition. (ECF Nos. 682-687). On May 28, 2018, Plaintiff filed replies. (ECF Nos. 688-693).

## II. CONTENTIONS

Plaintiff contends that he is entitled to judgment as a matter of law and, alternatively, for a new trial pursuant to Federal Rule of Civil Procedure 59(a) and 59(e). Plaintiff asserts the following grounds for his Rule 59 motion: (1) the verdicts were against the weight of the evidence, (2) the verdicts were insufficient, (3) the verdicts were based on false testimony, (4) substantial errors occurred in the admission/rejection of evidence, (5) failure to provide jury instructions, and (6) "constitutional grounds, including on rulings on Muni Code 54.0110, etc." *See, e.g.*, ECF No. 674 at 2. Plaintiff further contends that he is entitled to relief under Federal Rule of Civil Procedure 60(b). Plaintiff moves for reconsideration of the Court's rulings made before trial and seeks judgment in his favor on causes of action and on Defendants dismissed prior to the trial.[1] Plaintiff further asserts that he was denied discovery and that the Court has exhibited bias against him.

---

[1] Plaintiff does not clearly identify which prior orders are the subject of Plaintiff's motion for reconsideration.

Defendants assert that Plaintiff's motions fail to provide any grounds justifying relief. Defendants contend that Plaintiff is not entitled to a new trial under Rule 59(a). Defendants assert that the verdicts were sufficient and supported by the weight of evidence and the verdicts were not based on false testimony. Defendant contends that the Court did not err in its evidentiary rulings and the Court did not err with respect to any jury instructions. Defendants contend that Plaintiff fails to provide any evidence or support for his request for amendment of judgment under Rule 59(e). Defendants contend that Plaintiff further fails to demonstrate that he is entitled to relief under Rule 60(b). Defendants contend that any motion for reconsideration of the Court's February 22, 2018 Order granting summary judgment to the City and the SDPD is untimely and that Plaintiff fails to provide adequate grounds for relief.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 59 permits the Court to alter or amend a judgment, or order a new trial. *See* Fed. R. Civ. P. 59(a), (e). Federal Rule of Civil Procedure 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "The trial court may grant a new trial, even though the verdict is supported by substantial evidence, if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (quoting *Oltz v. St. Peter's Community Hosp.*, 861 F.2d 1440, 1452 (9th Cir. 1988)).

> Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has 'the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence."

3

13cv248-WQH-AGS

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

Federal Rule of Civil Procedure 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court may alter or amend judgment under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Altering or amending a judgment pursuant to Rule 59(e) is an "extraordinary remedy to be used sparingly . . . ." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Federal Rule of Civil Procedure 60(b) provides,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The burden of proof is on the party bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992).

### IV. RULING OF THE COURT

With respect to the Defendants and causes of action remaining at trial, Plaintiff fails identify the specific grounds for his Rule 59(a) motion and fails to establish that a new trial

4

is warranted under Rule 59(a). The Court concludes that the verdicts returned by the jury in this case are not contrary to the clear weight of the evidence and that no miscarriage of justice has occurred. Plaintiff's motion for a new trial with respect to any causes of action and defendants dismissed prior to trial is denied because no trial took place with respect to these defendants and claims. *See* Fed. R. Civ. P. 59(a). Further, Plaintiff fails to demonstrate that newly-discovered evidence, clear error, manifest injustice, or an intervening change in controlling law warrants any amendment or alteration of judgment under Rule 59(e).

Upon review, the Court also concludes that Plaintiff has not demonstrated that he is entitled to any relief from judgment under Rule 60(b). To the extent Plaintiff requests reconsideration of orders issued by the Court prior to trial, the Court concludes that Plaintiff fails to satisfy his burden of demonstrating that relief under Rule 60 is warranted.

IT IS HEREBY ORDERED that Plaintiff's motions to alter or amend judgment or, in the alternative, for a new trial are DENIED. (ECF Nos. 674, 675, 676, 677, 678, 679).

Dated: May 31, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court